THE STATE EX REL. MENOLD, APPELLEE, *v.* MAPLECREST NURSING HOME; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Menold v. Maplecrest Nursing Home* (1996), 76 Ohio St.3d 197.]

(No. 94–1255—Submitted March 19, 1996—Decided July 31, 1996.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Philip J. Gauer,* Assistant Attorney General, for appellant.

PFEIFER, J. We are asked to determine whether Dr. McCloud's report is "some evidence" supporting the commission's order. For the reasons to follow, we find that it is.

The commission is exclusively responsible for judging evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Claimant's contention that McCloud's report is nonprobative simply because it predates the claimed disability period lacks merit. Certainly, the probative value of a medical report may be lessened by later changes in the claimant's condition, and the longer the time between the report and the disability alleged, the more likely this is to have occurred. Claimant, however, has failed to show that McCloud's report was no longer probative.

In this case, it must be remembered that claimant first claimed permanent total disability compensation on December 1, 1989. Permanent total disability compensation was denied on April 18, 1990 and claimant reapplied less than two months later. Because of the extremely short time between denial and reapplication, it is reasonable to say that claimant has been alleging permanent total disability consistently since December 1, 1989. In other words, the condition alleged in 1990 was no different from that alleged in 1989, and McCloud's report preceded claimant's original application for permanent total disability compensation by only eleven days. Claimant cannot, therefore, sustain her claim of staleness.

Equally important, the court of appeals never reconciled its conclusion that Baroff demonstrated a significant physical worsening with the fact that Baroff's impairment figure was only half of what McCloud had observed the previous year. This suggests improvement, not decline. Comparison of other medical evidence reinforces this conclusion. The 1989 and 1990 reports of Dr. DiDomenico—claimant's own doctor—are almost identical. This again negates the suggestion that claimant's condition had appreciably worsened over the relevant time frame.

The court of appeals found that Dr. Baroff's later report rendered Dr. McCloud's report no longer probative because Baroff's narrative listed "several relevant" findings that had arisen since McCloud's examination. We disagree. Baroff's reference to "diffuse osteopenia" and "degenerative joint disease" is irrelevant, since the claim is allowed only for a simple strain/sprain. Moreover, when the two reports are closely compared, they are actually very similar. Identical findings include: (1) normal gait; (2) absence of radiating pain; (3) uniform deep tendon reflexes; (4) no muscle spasm; (5) limited flexion; (6) normal leg strength; and (7) negative radicular testing. The only significant differences between the two are Dr. Baroff's findings of *mild* sacroiliac tenderness and *mild* sciatic notch tenderness. These discrepancies do not support the

appellate court's conclusion that claimant's condition worsened so dramatically between the time of the Baroff and McCloud exams as to make the latter's report nonprobative.

Having found that Dr. McCloud's report is "some evidence" supporting the commission's order, we turn finally to the question of *Noll* compliance. In this case, the order's explanation, although brief, adequately sets forth the reasoning underlying the commission's decision. It indicates that, based on the medical and other evidence, claimant's physical restrictions were so insignificant as to allow for reemployment despite an age and work history that are not necessarily conducive to retraining. *Noll* has accordingly been satisfied.

We therefore reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., RESNICK, COOK and STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.