The State ex rel. Hiles, Appellee, *v.* Netcare Corporation; Industrial Commission of Ohio, Appellant.

[Cite as *State ex rel. Hiles v. Netcare Corp.* (1996), 76 Ohio St.3d 404.]

(No. 94–1795—Submitted May 21, 1996—Decided August 21, 1996.)

*Michael J. Muldoon,* for appellee.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellant.

---

*Per Curiam.* Former R.C. 4123.57 provided:

"Partial disability compensation shall be paid as follows, provided that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:

"(A) * * * [T]he employee shall receive per week sixty-six and two-thirds percent of the impairment of his earning capacity which results from the injury * * *.

"(B) * * * [T]he percentage of the employee's permanent disability * * * causing permanent impairment and evidenced by medical or clinical findings reasonably demonstrable * * *." (138 Ohio Laws, Part I, 1733.)

Contrary to claimant's representation, he does not possess an automatic right to former R.C. 4123.57(A) compensation. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775. Claimant must prove actual IEC and a causal relationship to the allowed conditions. *State ex rel. Apgar v. Indus. Comm.* (1989), 42 Ohio St.3d 5, 535 N.E.2d 1364. An injury that has healed cannot impair a claimant's capacity to earn.

The commission found neither, based on an absence of medical restrictions or limitations. If supported by "some evidence," this finding would be a valid basis for denial of compensation.

The commission asserts that the appellate court improperly reversed who has the burden of proof in this case:

"The Court [of Appeals] totally ignored the relator's [claimant's] evidence, and instead focused solely on whether the evidence relied upon by the Industrial Commission proved that relator did not have an impaired earning capacity. This is prejudicially erroneous, as it places the burden on the Industrial Commission to prove that a claimant does not have an impairment of earning capacity."

The commission confuses burden of proof with evidentiary review. The focus is naturally on the commission's evidence, since it is the commission's burden to support its orders with "some evidence." *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. This is not the same as forcing the commission to disprove claimant's allegation of IEC.

In this case, the commission's order is not supported by the evidence. The appellate court, through its referee, suggested that the McCloud, Walker and Howard reports—which pre-dated the permanent partial disability application by sixteen, thirty-one, and sixteen months respectively—were stale and not, therefore, "some evidence" in support. This is a valid conclusion under these facts.

A finding of evidentiary staleness should always be approached cautiously. More relevant than the time at which a report was rendered are the content of the report and the question at issue. For example, where the issue is maximum medical improvement, a report that finds a permanent impairment is rarely rendered invalid by the passage of time. Conversely, the changeable nature of a claimant's ability to work is often affected by time.

In this case, the commission's own actions substantiate the appellate court's reasoning. When forced to select the medical evidence that most accurately reflected the degree of claimant's permanent partial disability in 1991, the commission on May 21, 1991 rejected the McCloud, Walker and Howard reports and relied on Dr. Culberson's April 1991 narrative. The court of appeals did not, therefore, err in finding that the Walker, McCloud and Howard reports were not "some evidence" supporting the commission's denial of IEC.

The removal of these reports leaves Dr. Culberson's report as the sole evidence on which the commission's findings rest. Like the other reports, the Culberson report does not support the challenged order. Dr. Culberson does not corroborate the commission's conclusion that claimant had no medical limitations on his ability to earn. Dr. Culberson never addressed this question, so he provides no definitive substantiation or refutation of that finding. Moreover, his finding of a

thirty-nine percent impairment seems inconsistent with the commission's determination that nothing was physically wrong with claimant.

For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.