[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 404.]

THE STATE EX REL. HILES, APPELLEE, *v*. NETCARE CORPORATION; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Hiles v. Netcare Corp.*, 1996-Ohio-169.]

*Workers' compensation—Industrial Commission abuses its discretion in denying application for partial disability compensation pursuant to former R.C. 4123.57(A), when.*

(No. 94-1795—Submitted May 21, 1996—Decided August 21, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD08-1189.

_____

{¶ 1} Appellee-claimant, Robert T. Hiles, was injured in 1985 while in the course of and arising from his employment with Netcare Corporation. Appellant, Industrial Commission of Ohio, subsequently allowed his workers' compensation claim for both physical and psychiatric conditions.

{¶ 2} In January 1990, claimant applied for partial disability compensation pursuant to former R.C. 4123.57. Among the evidence before the commission was a June 20, 1987 report from Dr. Watson H. Walker, who assessed a twenty percent permanent partial physical impairment and stated that claimant would be able to return to his former job. Dr. W. Jerry McCloud concurred with this conclusion on September 12, 1988. Dr. Jerry D. Culberson on April 22, 1991 assessed a thirty-nine percent physical impairment, but did not comment on claimant's ability to work.

{¶ 3} A report from Dr. Lee Howard dated September 12, 1988 was also before the commission. Commenting on claimant's psychiatric condition, he found a twenty to thirty percent temporary partial impairment that was not "work prohibitive."

**{¶ 4}** The Administrator of the Bureau of Workers' Compensation, on May 21, 1991, tentatively found a thirty-nine percent permanent partial disability based on a "medical examination * * * conducted * * * on 4/17/91 [*sic* 4/16/91]." No reconsideration was sought.

**{¶ 5}** Given the choice of receiving his award as a lump sum permanent partial disability ("PPD") award under former R.C. 4123.57(B) or as a bi-weekly impaired earning capacity ("IEC") award pursuant to former 4123.57(A), claimant chose the latter.

**{¶ 6}** Following a hearing on October 31, 1991, a district hearing officer denied impaired earning capacity compensation, writing:

"* * * [C]laimant's election to receive benefits under paragraph (A) is denied in full. Although medical evidence in file adequately illustrated that claimant sustains [*sic*] a physical impairment secondary to allowed conditions, (*i.e.*, 39% per Dr. McCloud's 11/22/88 opinion [*sic*]), such evidence fails to show that [*sic*] any impairment of earning capacity, either physically or psychiatrically. In that same Dr. McCloud report he opines claimant that [*sic*] physically capable of resuming previous employment.

"Further, none of the psychiatric evaluations in file suggest[s] that claimant is mentally prevented from resuming his previous duties as a licensed practical nurse."

**{¶ 7}** The regional board of review affirmed the district hearing officer's order. Staff hearing officers affirmed the board after a hearing on August 26, 1992, stating that:

"* * * the claimant's appeal be denied, and the finding and order of the Regional Board be affirmed for the reason it is supported by proof of record and is not contrary to law.

"In addition to the reasons and evidence cited by the District Hearing Officer, the Staff Hearing Officers further provide the following findings:

"It is found that the claimant is 42 years old, he went to school through the tenth grade but he completed a G.E.D., he has obtained training as a licensed practical nurse, and his employment history involves work as a licensed practical nurse at a state psychiatric hospital.

"It is further found that, based upon a review of the detailed reports previously prepared by Doctors Walker, McCloud and Howard, there are no physical or psychological restrictions or limitations which would cause actual impairment of earning capacity. In light of the detailed reports and lack of restrictions found by Doctors Walker and McCloud, the report and opinion of Dr. Deem, although considered at this hearing, was not found fully persuasive. Accordingly, based upon a consideration of the non-allowed medical disability factors as noted above, as well as the medical [illegible] contained within the reports of Doctors Culberson, Howard, McCloud and Walker, it is found that there is no proof of an actual impairment of earning capacity due to the injuries sustained in 1985."

{¶ 8} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his choice to receive benefits under R.C. 4123.57(A). The court of appeals agreed and issued the writ.

{¶ 9} This cause is now before this court upon an appeal as of right.

———————————

*Michael J. Muldoon*, for appellee.

*Betty D. Montgomery*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellant.

———————————

***Per Curiam.***

{¶ 10} Former R.C. 4123.57 provided:

"Partial disability compensation shall be paid as follows, provided that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:

"(A) * * * [T]he employee shall receive per week sixty-six and two-thirds percent of the impairment of his earning capacity which results from the injury * * *.

"(B) * * * [T]he percentage of the employee's permanent disability * * * causing permanent impairment and evidenced by medical or clinical findings reasonably demonstrable * * *." (138 Ohio Laws, Part I, 1733.)

{¶ 11} Contrary to claimant's representation, he does not possess an automatic right to former R.C. 4123.57(A) compensation. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d. 384, 533 N.E. 2d 775. Claimant must prove actual IEC and a causal relationship to the allowed conditions. *State ex rel. Apgar v. Indus. Comm.* (1989), 42 Ohio St.3d. 5, 535 N.E. 2d 1364. An injury that has healed cannot impair a claimant's capacity to earn.

{¶ 12} The commission found neither, based on an absence of medical restrictions or limitations. If supported by "some evidence," this finding would be a valid basis for denial of compensation.

{¶ 13} The commission asserts that the appellate court improperly reversed who has the burden of proof in this case:

"The Court [of Appeals] totally ignored the relator's [claimant's] evidence, and instead focused solely on whether the evidence relied upon by the Industrial Commission proved that relator did not have an impaired earning capacity. This is prejudicially erroneous, as it places the burden on the Industrial Commission to prove that a claimant does not have an impairment of earning capacity."

{¶ 14} The commission confuses burden of proof with evidentiary review. The focus is naturally on the commission's evidence, since it is the commission's burden to support its orders with "some evidence." *State ex rel. Burley v. Coil*

*Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E. 2d 936. This is not the same as forcing the commission to disprove claimant's allegation of IEC.

{¶ 15} In this case, the commission's order is not supported by the evidence. The appellate court, through its referee, suggested that the McCloud, Walker and Howard reports -- which pre-dated the permanent partial disability application by sixteen, thirty-one, and sixteen months respectively -- were stale and not, therefore, "some evidence" in support. This is a valid conclusion under these facts.

{¶ 16} A finding of evidentiary staleness should always be approached cautiously. More relevant than the time at which a report was rendered are the content of the report and the question at issue. For example, where the issue is maximum medical improvement, a report that finds a permanent impairment is rarely rendered invalid by the passage of time. Conversely, the changeable nature of a claimant's ability to work is often affected by time.

{¶ 17} In this case, the commission's own actions substantiate the appellate court's reasoning. When forced to select the medical evidence that most accurately reflected the degree of claimant's permanent partial disability in 1991, the commission on May 21, 1991 rejected the McCloud, Walker and Howard reports and relied on Dr. Culberson's April 1991 narrative. The court of appeals did not, therefore, err in finding that the Walker, McCloud and Howard reports were not "some evidence" supporting the commission's denial of IEC.

{¶ 18} The removal of these reports leaves Dr. Culberson's report as the sole evidence on which the commission's findings rest. Like the other reports, the Culberson report does not support the challenged order. Dr. Culberson does not corroborate the commission's conclusion that claimant had no medical limitations on his ability to earn. Dr. Culberson never addressed this question, so he provides no definitive substantiation or refutation of that finding. Moreover, his finding of a thirty-nine percent impairment seems inconsistent with the commission's determination that nothing was physically wrong with claimant.

{¶ 19} For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.

_____