**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Bailey v. Indus. Comm.*, **Slip Opinion No. 2014-Ohio-1909.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-1909

THE STATE EX REL. BAILEY, APPELLANT, *v.* INDUSTRIAL COMMISSION

OF OHIO ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State ex rel. Bailey v. Indus. Comm.*,**

**Slip Opinion No. 2014-Ohio-1909.]**

*Workers' compensation—Evidence—Challenge to medical report as no longer*

*probative rejected—Change in circumstances not shown.*

(No. 2012-1826—Submitted February 25, 2014—Decided May 8, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-833,

2012-Ohio-4128.

_____

**Per Curiam**.

{¶ 1}  Appellant, Jason S. Bailey, appeals the judgment of the court of appeals denying his request for a writ of mandamus that would require the Industrial Commission to award him permanent-total-disability compensation. Bailey alleged that the commission abused its discretion by relying on a stale medical report as evidence to support its decision denying him compensation.

**{¶ 2}** We agree with the court of appeals that the commission did not abuse its discretion when it relied on the 2009 report of Dr. Lee Howard as evidence that Bailey's allowed psychological conditions did not render him permanently and totally disabled. We affirm the judgment of the court of appeals denying Bailey's request for a writ.

**Facts and Procedural History**

**{¶ 3}** Bailey filed four workers' compensation claims between August 29, 1996, and December 23, 2003. The allowed conditions include an open wound to his right thumb, a contusion of his right knee, carpal-tunnel syndrome, and an injury to his right shoulder with related psychological conditions of pain disorder and aggravation of pre-existing dysthymia.

*First Application for Permanent-Total-Disability Compensation*

**{¶ 4}** On May 7, 2009, Bailey filed his first application for permanent-total-disability compensation at age 31. The commission denied his application. The commission relied on the report of Dr. William Reynolds, who examined Bailey's allowed physical injuries and concluded that he was capable of performing light work, and the report of Lee Howard, Ph.D., a psychologist, who examined Bailey's psychological conditions. Dr. Howard determined that Bailey had reached maximum medical improvement and that Bailey "can perform without significant limitations at this time. However, this does not take into account the physical allowances in this claim * * * and/or high levels of exaggeration and malingering measured on objective psychometric testing."

*Increase in Percentage of Permanent Partial Disability*

**{¶ 5}** On April 20, 2010, the commission increased Bailey's percentage of permanent partial disability, which entitled him to additional compensation for a period of 36 weeks.[1] The order was based, in part, on a 2005 report of Michael

---

[1] Permanent-partial-disability compensation per R.C. 4123.57 is unrelated to permanent-total-disability compensation per R.C. 4123.58. Permanent partial disability does not depend on a

Glenn Drown, Ph.D., who had evaluated Bailey's psychological conditions and concluded that they had become worse.

*Approval of Additional Psychotherapy*

{¶ 6} On September 2010, Charles R. Paugh, Ph.D., Bailey's treating psychologist, requested approval for additional psychotherapy to address Bailey's complaints of chronic pain and depression. On behalf of the employer, a managed-care organization approved six visits for September through December 2010, and later an additional five visits through March 2011.

*Second Application for Permanent-Total-Disability Compensation*

{¶ 7} On May 23, 2011, the commission denied Bailey's second application for permanent-total-disability compensation. The commission relied on the September 24, 2009 report of Dr. Howard as evidence that Bailey's psychological conditions did not prevent him from returning to work and the opinion of Joseph Kearns, D.O., that Bailey's allowed physical injuries would not prevent him from performing sedentary work. The commission did not rely on the opinion of Mary K. Hill, Ph.D., whose report stated that Bailey was unable to work because of his symptoms of depressed mood and pain.

*Complaint for Writ of Mandamus*

{¶ 8} Bailey filed a complaint in the Franklin County Court of Appeals for a writ of mandamus, alleging that the commission abused its discretion when it relied on Dr. Howard's report. Bailey alleged that it was not relevant evidence, because it did not consider new and changed circumstances including his recent psychotherapy.[2]

---

claimant's ability to return to his or her former position but is more akin to a damages award. *State ex rel. Advantage Tank Lines v. Indus. Comm.*, 107 Ohio St.3d 16, 2005-Ohio-5829, 836 N.E.2d 550, ¶ 9.

[2] Bailey does not challenge the commission's analysis of his allowed physical injuries or nonmedical disability factors.

**{¶ 9}** A magistrate rejected Bailey's argument that Dr. Howard's report was stale evidence. The magistrate concluded that the order recognizing an increase in Bailey's percentage of permanent partial disability in 2010 was not a new or changed circumstance, because the commission's order had relied on Dr. Drown's evaluation of Bailey in 2005, almost four years before Dr. Howard's examination. The magistrate further concluded that the mere approval of additional psychotherapy treatments by a managed-care organization did not prove that Bailey's psychological conditions had become worse.

**{¶ 10}** Bailey filed objections alleging that the magistrate failed to address arguments regarding Dr. Hill's report and failed to acknowledge the significance of Bailey's additional psychological treatments as related to the validity of Dr. Howard's report.

**{¶ 11}** The court of appeals compared the reports of Dr. Howard and Dr. Hill. The court noted that Bailey had given a different version of his medical history to and withheld certain information from Dr. Hill and that, unlike Dr. Howard, Dr. Hill performed no psychological testing, apparently basing her opinion on Bailey's history and complaints. Thus, the appellate court concluded, the commission acted within its discretion when it relied on Dr. Howard's report. The appellate court also agreed that the additional psychotherapy treatments, approved by a managed-care organization, not by the commission, did not render Dr. Howard's opinion invalid. The court overruled Bailey's objections and denied the writ.

**{¶ 12}** This matter is before the court on an appeal as of right.

**Analysis**

**{¶ 13}** We must determine whether Dr. Howard's report supports the commission's denial of permanent-total-disability compensation or whether the report should have been eliminated from consideration because it was stale. *State ex rel. Hiles v. Netcare Corp.*, 76 Ohio St.3d 404, 667 N.E.2d 1213 (1996).

{¶ 14} The commission is exclusively responsible for determining the weight and credibility of the evidence. *State ex rel. Menold v. Maplecrest Nursing Home*, 76 Ohio St.3d 197, 202, 667 N.E.2d 4 (1996), citing *State ex rel. Burley v. Coil Packing, Inc*., 31 Ohio St.3d 18, 508 N.E.2d 936 (1987). We have acknowledged that "the probative value of a medical report may be lessened by later changes in the claimant's condition, and the longer the time between the report and the disability alleged, the more likely this is to have occurred." *Id*. A court should be cautious when finding that evidence has become stale. The content of the report and the question at issue are more relevant than the date the report was issued. *Hiles* at 407.

{¶ 15} Bailey's argument that Dr. Howard's report was no longer relevant in light of new and changed circumstances fails. The evidence did not establish that Bailey's psychological conditions had changed since Dr. Howard's report. Dr. Drown's report, used to justify an increase in percentage of permanent partial disability, was issued in 2005, several years before Dr. Howard examined Bailey. And the approval of additional psychotherapy was not accompanied by any evidence that Bailey's condition had become worse. As the magistrate noted, the request for additional psychotherapy was based on Bailey's complaints, not a medical opinion that Bailey's condition had become worse, and a managed-care organization, not the commission, approved the treatments. Thus, the evidence did not establish any new and changed circumstances in Bailey's psychological conditions that would lessen the probative value of Dr. Howard's medical report. *Menold*, 76 Ohio St.3d 197, 667 N.E.2d 4.

{¶ 16} Bailey also argues that the commission was barred from relying on Dr. Howard's report after the commission rejected the report when it ordered an increase of Bailey's percentage of permanent partial disability. *State ex rel. Zamora v. Indus. Comm*., 45 Ohio St.3d 17, 19, 543 N.E.2d 87 (1989) (it would

be inconsistent for the commission to reject a medical report at one level, for whatever reason, but to rely on it at another level).

{¶ 17} We find that Bailey failed to raise this issue below; thus it is waived. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 679 N.E.2d 706 (1997). Nevertheless, because permanent partial disability is completely different from permanent total disability, even if the commission impliedly rejected Dr. Howard's opinion on permanent partial disability, this did not render his opinion on permanent total disability unreliable. *State ex rel. Verbanek v. Indus. Comm.*, 73 Ohio St.3d 562, 653 N.E.2d 374 (1995).

{¶ 18} Finally, Bailey maintains that the court of appeals improperly reweighed the evidence when it compared the opinions of Dr. Howard and Dr. Hill and questioned Bailey's credibility. We disagree. The court's role in reviewing a decision of the commission in a mandamus action is to determine whether there is any evidence to support the commission's stated basis for its decision. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 508 N.E.2d 936. In doing so, a court may not second-guess the commission's credibility determinations relative to the medical reports in the record. *State ex rel. Chrysler Corp. v. Indus. Comm.*, 81 Ohio St.3d 158, 166, 689 N.E.2d 951 (1998).

{¶ 19} The court of appeals limited its review of the commission's decision to abuse of discretion and determined that Dr. Howard's report was relevant evidence. Thus, we agree that the commission did not abuse its discretion when it relied on the report of Dr. Howard in denying permanent-total-disability compensation.

{¶ 20} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Philip J. Fulton Law Office, Chelsea J. Fulton, and Philip J. Fulton, for appellant.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.

_____