[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Black v. Forchione,* Slip Opinion No. 2015-Ohio-4336.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4336

THE STATE EX REL. BLACK, APPELLANT, *v.* FORCHIONE, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Black v. Forchione,* Slip Opinion No. 2015-Ohio-4336.]**

*Mandamus—Adequate remedy in the ordinary course of the law by way of appeal— Judgment dismissing petition for writ affirmed.*

(No. 2014-2053—Submitted July 7, 2015—Decided October 22, 2015.)

APPEAL from the Stark County Court of Appeals No. 2014CA00129, 2014-Ohio-4560.

_____

**Per Curiam.**

{¶ 1} We affirm the court of appeals' judgment dismissing a petition for a writ of mandamus.

{¶ 2} Relator-appellant, Lawrence Black, was convicted of a sexually oriented offense.  *See State v. Black*, 5th Dist. Stark No. 1999CA00185, 2000 WL 873819 (June 26, 2000) (affirming Black's conviction and sentence).  He is

therefore a person required to notify the appropriate county sheriff's office when he changes his residential address, and he was indicted for a failure to do so in violation of R.C. 2950.05(A). Black filed a petition for writ of mandamus in the court of appeals asserting that respondent-appellee, Judge Frank G. Forchione, lacks jurisdiction over his criminal case for the failure to notify, apparently believing that only Judge Haas, the judge who presided over his original criminal case, has jurisdiction. Black is apparently seeking a writ of mandamus ordering Judge Forchione to vacate his rulings in the case. The court of appeals granted Judge Forchione's motion to dismiss, and Black appealed.

{¶ 3} To be entitled to a writ of mandamus, Black must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Forchione to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 4} "[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal." *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 469, 746 N.E.2d 1119 (2001), citing *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 30, 451 N.E.2d 225 (1983) (petitions for mandamus and prohibition cannot be used as substitutes for an appeal to contest alleged improper assignment of judge). Here, Black's only claim appears to be the alleged improper assignment of Judge Forchione to his criminal case instead of Judge Haas. He therefore has an adequate remedy in the ordinary course of the law by way of appeal, and he is not entitled to a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Lawrence Black, pro se.

2

John D. Ferrero, Stark County Prosecuting Attorney, and Kathleen O. Tatarsky, Assistant Prosecuting Attorney, for appellee.

_____