[Cite as *State v. Payne*, 2016-Ohio-2819.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| COUNTY OF SUMMIT | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No. 27947 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| BROLIN PAYNE | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2012 01 0028 |

DECISION AND JOURNAL ENTRY

Dated: May 4, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Brolin Payne, appeals the judgment of the Summit County Court of Common Pleas denying his successive petition for post-conviction relief. We affirm.

I.

{¶2} This Court affirmed Payne's convictions for rape and gross sexual imposition on direct appeal. *See State v. Payne*, 9th Dist. Summit No. 26655, 2013-Ohio-5230, ¶ 26. However, while the direct appeal was still pending before this Court, Payne filed a Motion to Vacate or Set Aside Judgment of Conviction or Sentence with the trial court. The trial court denied Payne's petition, finding that the claims were barred by res judicata. Payne did not appeal the trial court's denial of his petition. On December 23, 2014, Payne filed a Motion to Amend Post Conviction Petition with Leave. The trial court construed Payne's motion as a second or successive petition for post-conviction relief and denied it on March 25, 2015 for failing to meet the criteria set forth in R.C. 2953.23.

{¶3} Payne filed this timely appeal, presenting two assignments of error for this Court's review. To facilitate our analysis, we elect to address both of Payne's assignments of error together.

### Assignment of Error I

**Law enforcement officers misconduct denied the petitioner his privileges and immunities, due process, and equal protection under the law guaranteed to him by the 14th Amendments of the United States Constitution by performing an illegal wiretap without the petitioner's consent or "oral approval for interception" which further denied the petitioner's 4th and 5th Amendment Rights to the U.S. Constitution. [Sic].**

### Assignments of Error II

**Trial court deprived the petitioner freedom self incrimination and due process of law guaranteed to him by the 5th and 14th Amendment to the United States Constitution by allowing the admission use and disclosure of the contents of a "wire communication" from an illegal wiretap in a hearing and trial without presenting 10 days before the hearing or trial a copy of a written representation of a judge of a court of common pleas or of a prosecuting attorney that a "oral order interception without warrant" had been granted pursuant to Ohio Revised Code Section 2933.57, 2933.62(B) or 18 USCS § 2518 et seq. [Sic].**

{¶4} In his two assignments of error, Payne challenges the propriety of law enforcement's "one party consent call" and the trial court's decision to admit the tape of the phone call into evidence at trial. Payne asserts that the "one party consent call" and the trial court's decision to admit the taped phone call into evidence both constitute constitutional violations. We decline to address the merits of the assignments of error, however, as we conclude that the trial court was correct in determining that it lacked the authority to consider Payne's successive petition for post-conviction relief.

{¶5} This Court has recognized that "[s]uccessive petitions for post-conviction relief are governed by R.C. 2953.23." *State v. Kyle*, 9th Dist. Summit No. 25974, 2012-Ohio-456, ¶ 7. R.C. 2953.23(A) precludes trial courts from "entertain[ing]" untimely petitions for post-

conviction relief unless one of the statute's exceptions applies. Since this matter does not involve DNA testing, the only possible exception that could apply in this matter is the one contained in R.C. 2953.23(A)(1). This provision requires that the petitioner establish two conditions: (1) that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) showing by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1). "A defendant's failure to either timely file a petition for post-conviction relief or meet his burden under R.C. 2953.23(A)(1) deprives a trial court of [authority] to entertain the petition." *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 9.

{¶6} Here, the trial court denied Payne's second or successive petition for post-conviction relief after concluding that the petition did not meet the criteria set forth in R.C. 2953.23. Payne does not challenge on appeal the trial court's conclusion that he failed to meet his burden under R.C. 2953.23. As such, we determine that the trial court did not err in denying Payne's successive petition for post-conviction relief.

{¶7} Accordingly, we affirm the decision of the trial court.

III.

{¶8} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BROLIN PAYNE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.