[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sevayega v. Gallagher,* Slip Opinion No. 2017-Ohio-8369.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8369

THE STATE EX REL. SEVAYEGA, APPELLANT, *v.* GALLAGHER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sevayega v. Gallagher,* Slip Opinion No. 2017-Ohio-8369.]

*Mandamus—Whether common pleas judge was under clear legal duty to declare convicted sex offender's classification void is type of issue that may be raised on direct appeal—Court of appeals' denial of complaint for writ affirmed.*

(No. 2016-1453—Submitted June 20, 2017—Decided November 1, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 104225, 2016-Ohio-5421.

_____

**Per Curiam.**

{¶ 1} Appellant, Reginald D. Sevayega, appeals the judgment of the Eighth District Court of Appeals denying his complaint for writs of procedendo and mandamus. We affirm.

*Background*

{¶ 2} On July 6, 1993, Sevayega was convicted of rape and other offenses. He was sentenced by then Cuyahoga County Court of Common Pleas Judge Terrence O'Donnell. The case was reassigned to Judge Nancy M. Russo in January 1998 and to Judge José A. Villanueva in April 2003, but Judge Villanueva soon recused himself from the case.

{¶ 3} The administrative judge, Richard J. McMonagle, then assigned the case to himself. On July 29, 2003, Judge McMonagle held a sex-offender-classification hearing and classified Sevayega as a sexual predator.

{¶ 4} On January 5, 2015, Sevayega filed a motion to vacate his classification as a sexual predator. He argued that the judgment was void for lack of jurisdiction because Judge McMonagle was neither the original sentencing judge nor "the successor judge."

{¶ 5} On or about January 10, 2015, Judge McMonagle retired and the case was reassigned to appellee, Judge Shannon Gallagher.

{¶ 6} On March 11, 2016, Sevayega filed a complaint for writs of mandamus and procedendo in the Eighth District Court of Appeals. The complaint alleged that extraordinary relief was warranted to compel Judge Gallagher to rule on Sevayega's motion to vacate and to compel her to declare his sexual-predator classification void.

{¶ 7} On August 12, 2015, Judge Gallagher issued a journal entry denying Sevayega's motion to vacate. Judge Gallagher then moved for summary judgment in the mandamus/procedendo case. Sevayega filed a cross-motion for summary judgment.

**{¶ 8}** On August 17, 2016, the court of appeals denied Sevayega's cross-motion, granted Judge Gallagher's motion, and denied the writs. The court held that in light of Judge Gallagher's August 2015 journal entry, Sevayega's complaint was moot to the extent that it sought to compel a ruling on the motion to vacate. 8th Dist. Cuyahoga No. 104225, 2016-Ohio-5421, ¶ 4. The court rejected Sevayega's argument that Judge McMonagle lacked jurisdiction to hold the sex-offender-classification hearing and noted that in any case, mandamus and procedendo will issue only to compel the exercise of judicial authority, not to dictate what the decision should be. *Id.* at ¶ 5-6.

**{¶ 9}** Sevayega has appealed from the court of appeals' denial of a writ of mandamus to compel Judge Gallagher to declare his sexual-predator classification void.

*Analysis*

**{¶ 10}** To obtain a writ of mandamus, Sevayega must establish, by clear and convincing evidence, that he has a clear legal right to the requested relief, that Judge Gallagher has a clear legal duty to provide it, and that Sevayega lacks an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

**{¶ 11}** Former R.C. 2950.09(C)(1)(b) provided that the Ohio Department of Rehabilitation and Correction must decide whether to recommend classifying an offender as a sexual predator and that if it decides to do so, it must send the recommendation "to the court that sentenced the offender." Am.Sub.S.B. No. 260, 151 Ohio Laws, Part I, 1915, 2005, *repealed*, 2007 Am.Sub.S.B. No. 10. Thus, in *State v. McIntire*, 130 Ohio App.3d 463, 720 N.E.2d 222 (9th Dist.1998), the Ninth District Court of Appeals held that the Lorain County Court of Common Pleas lacked jurisdiction to determine a sex offender's classification because the offender, a juvenile, had been adjudicated delinquent and committed to the Department of Youth Services in Hamilton County, not Lorain County.

**{¶ 12}** The Eighth District took this reasoning one step farther in *State v. Cole*, 8th Dist. Cuyahoga No. 96687, 2011-Ohio-6283. Cole was convicted of a sex offense in Cuyahoga County, and the classification hearing was held in Cuyahoga County. But the judge who presided over the hearing was neither the sentencing judge nor "the successor to that judge" and therefore, according to the Eighth District, lacked jurisdiction to hold the hearing. *Id.* at ¶ 18.

**{¶ 13}** In his first proposition of law, Sevayega relies on *Cole* to argue that his classification as a sexual predator is void because Judge McMonagle was neither the sentencing judge nor the immediate successor to the sentencing judge. Alternatively, Sevayega asserts that *Cole* is binding precedent, at least in the Eighth District, and that Judge Gallagher therefore was under a clear legal duty to apply its holding and declare his classification void. We do not reach these arguments because, regardless, Sevayega is not entitled to a writ of mandamus.

**{¶ 14}** The facts of this case are similar to those in *State ex rel. Black v. Forchione*, 144 Ohio St.3d 149, 2015-Ohio-4336, 41 N.E.3d 414. Black was convicted of a sex offense after a trial presided over by Judge Haas. After his release, Black failed to notify the sheriff of a change of residential address, as required by R.C. 2950.05(A). He was indicted for his failure to do so, and the case was heard by Judge Forchione. Black sought a writ of mandamus ordering Judge Forchione to vacate his rulings in the notification case, on the theory that only Judge Haas had jurisdiction to issue them. The court of appeals dismissed the petition, and we affirmed, holding that Black had an adequate remedy in the ordinary course of the law by way of appeal. *Id.* at ¶ 4, quoting *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 746 N.E.2d 1119 (2001) (" 'a claim of improper assignment of a judge can generally be adequately raised by way of appeal' ").

**{¶ 15}** If mandamus were available to correct a trial court's decision that ignores or misapplies governing law, then extraordinary relief would supplant direct appeal in nearly every case. Whether *Cole* required Judge Gallagher to grant

Sevayega's motion to vacate is precisely the type of issue that may be raised on direct appeal.

{¶ 16} In his second proposition of law, Sevayega argues that various errors and constitutional violations occurred at his sex-offender-classification hearing. These claims were not raised in the complaint and are therefore waived in this court. *State ex rel. DeGroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 1018, ¶ 9.

{¶ 17} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., not participating.

_____

Reginald D. Sevayega, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____