[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Payne v. Reinbold,* Slip Opinion No. 2018-Ohio-2704.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2704

THE STATE EX REL. PAYNE, APPELLANT, *v.* REINBOLD, JUDGE, ET AL.,

APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Payne v. Reinbold,* Slip Opinion No. 2018-Ohio-2704.]

*Procedendo—Appellant had adequate remedy by way of direct appeal—Court of appeals' dismissal of complaint affirmed.*

(No. 2017-1449—Submitted January 23, 2018—Decided July 12, 2018.)

APPEAL from the Court of Appeals for Summit County, No. 28645.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Brolin D. Payne, appeals the dismissal of his complaint for a writ of procedendo against appellees, retired Judge Richard D. Reinbold Jr., a visiting judge sitting in the underlying case by assignment, and Summit County Court of Common Pleas Judge Mary Margaret Rowlands.  For the reasons set forth below, we affirm the judgment of the court of appeals.

*Background*

{¶ 2} In his complaint, Payne alleged the following facts, which we accept as true for purposes of considering his appeal from the dismissal of his complaint. *See State ex rel. Smith v. McGee*, 144 Ohio St.3d 50, 2015-Ohio-2748, 40 N.E.3d 1105, ¶ 12.

{¶ 3} Judge Rowlands was the original judge assigned to hear a 2012 criminal case involving Payne, *State v. Payne*, Summit C.P. No. CR-2012-01-0028. At some point in time, Judge Rowlands requested a certificate of assignment for the case from the chief justice of this court.

{¶ 4} On July 16, 2012, Judge Reinbold held a hearing on Payne's motion to suppress evidence and his motion in limine. On July 18, Judge Reinbold entered judgment entries denying both motions.

{¶ 5} Judge Reinbold presided over Payne's trial from July 23 to July 25, 2012. The jury convicted Payne of rape and gross sexual imposition. Judge Rowlands entered a journal entry of conviction on July 27, 2012.

{¶ 6} On August 20, 2012, the chief justice appointed Judge Reinbold to hear Payne's criminal case, "effective July 20, 2012."

{¶ 7} Judge Reinbold held a sentencing hearing on September 5, 2012. Thereafter, Payne was sentenced to 25 years to life in prison in an entry journalized on September 10.

{¶ 8} The court of appeals affirmed Payne's convictions. *State v. Payne*, 9th Dist. Summit No. 26655, 2013-Ohio-5230. He filed two petitions for postconviction relief, which were denied. *See State v. Payne*, 9th Dist. Summit No. 27947, 2016-Ohio-2819, ¶ 2, 6-7.

{¶ 9} On May 23, 2017, he commenced the present action for a writ of procedendo in the Ninth District Court of Appeals. He alleged that he had never received a final, appealable sentencing order because "Judge Reinbold did not have the authority to conduct the suppression hearing and trial and * * * Judge Rowlands

did not have the authority to issue the conviction and sentencing order on September 10, 2012 after being replaced by * * * Judge Reinbold on August 20, 2012." He asked the court to order Judge Reinbold and/or Judge Rowlands to issue a "proper" final sentencing entry.

**{¶ 10}** Judges Reinbold and Rowlands filed a motion to dismiss, to which Payne filed a brief in opposition. On September 13, 2017, the Ninth District dismissed the case sua sponte because Payne had an adequate remedy at law. Payne appealed.

*Analysis*

**{¶ 11}** "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). To be entitled to a writ of procedendo, a relator must establish (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶ 20. " ' "[T]he writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." ' " *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995), quoting *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600, 589 N.E.2d 1324 (1992), quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937).

**{¶ 12}** On appeal, Payne challenges the finality of the sentencing entry, first by challenging Judge Reinbold's jurisdiction to preside over the trial: "[Because Judge] Reinbold held the trial before the certificate of assignment was issued and journalized by the Summit County Clerk * * * [he] did not have the authority to conduct the trial and the jury guilty verdict must be determined a nullity." But

" '[a] claim of improper assignment of a judge can generally be adequately raised by way of appeal.' " *State ex rel. Black v. Forchione*, 144 Ohio St.3d 149, 2015-Ohio-4336, 41 N.E.3d 414, ¶ 4, quoting *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 746 N.E.2d 1119 (2001). Payne is therefore not entitled to an extraordinary writ to challenge Judge Reinbold's jurisdiction. *See State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 4 (a writ of procedendo is inappropriate when the relator had an adequate remedy by way of appeal).

{¶ 13} Second, Payne contends that after the assignment of Judge Reinbold, Judge Rowlands was divested of jurisdiction to sign the conviction entry. But a nonassigned judge is permitted to perform purely ministerial acts. *See, e.g.*, *State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 139 Ohio St.3d 149, 2014-Ohio-1612, 9 N.E.3d 1057, ¶ 9 (holding that "signing a judgment entry of conviction is a ministerial act when the assigned judge has already imposed sentence and the entry correctly reflects that sentence and the assigned judge's name"). Even assuming that Judge Rowlands was the wrong person to sign the conviction entry, this would not affect the finality of the later sentencing entry. *State v. Sylvester*, 8th Dist. Cuyahoga No. 103841, 2016-Ohio-5710, ¶ 32 (no plain error in allowing a substitute judge to receive a jury's verdict and schedule the matter for sentencing despite the absence of evidence showing that the judge had been properly selected by the administrative judge). In any event, as explained above, Payne could have challenged Judge Rowlands's ability to sign the conviction entry on direct appeal.

{¶ 14} In his complaint, Payne also challenged Judge Rowlands's jurisdiction to sign the final sentencing order, under the same theory. Of course, if Payne were correct that Judge Rowlands no longer had any jurisdiction over this case as a result of the assignment order, then he would not be entitled to a writ of procedendo against her. But in his merit brief, Payne changes his theory: he now asserts that the signature on the sentencing entry does not belong to Judge Rowlands

*or* to Judge Reinbold. However, Payne did not raise this argument in the court of appeals, and a reviewing court will not consider issues the appellant failed to raise below, *e.g.*, *State ex rel. Bailey v. Indus. Comm.*, 139 Ohio St.3d 295, 2014-Ohio-1909, 11 N.E.3d 1136, ¶ 17.

{¶ 15} We hold that the court of appeals properly dismissed the complaint.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., concurs in judgment only.

DEGENARO, J., not participating.

————————————

Brolin D. Payne, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellees.

————————————