[Cite as *Hill v. Henry Cty. Ohio Adult Parole Auth.*, 2020-Ohio-3759.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

Benjamin Hill                                    Court of Appeals No. WM-20-003

     Petitioner

v.

 Henry County Ohio Adult Parole Auth.        **DECISION AND JUDGMENT**

     Respondent                              Decided: July 17, 2020

* * * * *

Benjamin Hill, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In this original action, the petitioner, Benjamin Hill, requests that this court issue a writ of mandamus against the respondent, the "Henry County Ohio Adult Parole Authority." In his two-sentence petition, Hill states,

> [P]etitioner pro se does hereby petition * * * this court to enforce its
>
> decision in * * * [*State v. Hill*, 6th Dist. Williams No. WM-18-002, 2019-
>
> Ohio-158] on January 18, 2019 pursuant to R.C. 2731.01. Hill does

petition this Honorable court to fully enforce its authority upon the Henry County Ohio Adult Parole Authority and the Henry County Court of Common Pleas.

{¶ 2} Hill provides no further details nor does he attach any parts of the record from his criminal case that would help explain the basis for his mandamus claim.

{¶ 3} In *State v. Hill*, petitioner pled guilty and was convicted by the Bryan Municipal Court for resisting arrest, in violation of R.C. 2921.33.  The trial court imposed a 90-day sentence in jail—which it suspended—and a $250 fine, court costs and restitution.   Hill appealed.

{¶ 4} In our January 18, 2019 decision, we reversed petitioner's conviction based upon the absence of any "evidence or indicia of any kind that the trial court adhered to Crim.R. 11(E) before accepting his plea." *Id.* at ¶ 13.  We remanded the case to the trial court "for further proceedings consistent with this decision." *Id.* at ¶ 16.

{¶ 5} On January 24, 2019, following our order of remand, the trial court ordered that "the charge of resisting arrest is dismissed and all fines and court costs associated with the charge are vacated."  In other words, the Bryan Municipal Court fully and expeditiously complied with this court's order of remand.

{¶ 6} Now, inexplicably, Hill has brought this original action in which he seeks to have our previous decision "enforced," against the Adult Parole Authority in Henry County.   Hill's petition must be dismissed for several reasons.

2.

{¶ 7} First, Hill failed to file the petition "in the name of the state on the relation of the person applying," as required by R.C. 2731.04. *See, e.g. Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766. ("Rust did not bring this action in the name of the state. If * * * a respondent in a mandamus action raises this R.C. 2731.04 defect and relators fail to seek leave to amend their complaint to comply with R.C. 2731.04, the mandamus action must be dismissed."). For that reason alone, Hill's petition is improperly before this court and must be dismissed. *Accord State ex rel. Jones v. Cook*, 6th Dist. Lucas No. L-13-1011, 2013-Ohio-975.

{¶ 8} Second, Hill does not allege a cognizable claim in mandamus. "To be entitled to a writ of mandamus, [a petitioner] must establish a clear legal right to the requested relief, a clear legal duty on the part of [the respondent] to provide it, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Black v. Forchione*, 144 Ohio St.3d 149, 2015-Ohio-4336, 41 N.E.3d 414, ¶ 3. Here, Hill's petition fails on all fronts. That is, the petition does not allege that Hill has suffered any harm or that the respondent has the authority, much less the legal duty, to provide the relief he is seeking. The petition also fails to allege that Hill lacks an adequate remedy in the ordinary course of the law.

{¶ 9} Finally, even if Hill had properly filed the petition in the name of the state and properly alleged a claim in mandamus, the appropriate venue for such action would be the Third District Court of Appeals, which encompasses Henry County. *See* R.C. 2501.01(C); Ohio Constitution, Article IV, Section 3(B)(1) and (2); and *State ex rel.*

3.

*Russell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 17AP-240, 2019-Ohio-4947, ¶ 13 (Transferring mandamus action to different appellate district pursuant to Civ.R. 3 because "the location where the events occurred is a more appropriate venue for this to be heard.").

{¶ 10} For the above reasons, Hill's petition is hereby ordered dismissed at Hill's costs.  It is so ordered.

Writ denied.

Mark L. Pietrykowski, J.  

          
_____
JUDGE

Thomas J. Osowik, J.   

Christine E. Mayle, J.   
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.