[Cite as *State ex rel. Payne v. Rowlands*, 2023-Ohio-3957.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. BROLIN D.
PAYNE

    Relator

    v.

JUDGE MARY MARGARET
ROWLANDS, ET AL.

    Respondents

C.A. Nos.    30688
                30689

ORIGINAL ACTION IN MANDAMUS
AND PROHIBITION

Dated: November 1, 2023

PER CURIAM.

{¶1} Relator, Brolin D. Payne, has filed two complaints seeking writs of mandamus and prohibition to order Respondents, Judge Mary Margaret Rowlands and Visiting Judge Richard Reinbold, to vacate his judgment of conviction and denial of his motion to suppress and motion in limine. The Judges have moved to dismiss, pursuant to Civ.R. 12(B)(6), and Mr. Payne has replied. For the following reasons, we grant the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to the facts of the complaint. The two complaints filed by Mr. Payne are virtually

identical, except that one seeks a writ of mandamus and the other seeks a writ of prohibition. This Court consolidated the two cases and, therefore, they will be referred to as one complaint.

{¶3} The complaint alleges that Mr. Payne was charged in a criminal case and that case was assigned to Judge Rowlands. Judge Rowlands recused herself from the case because she had a pending malpractice case to preside over and to protect Mr. Payne's right to a speedy trial. There is no allegation in the complaint, or in any of the attachments to the complaint, that Judge Rowlands recused herself because of any bias or conflict. Judge Rowlands asked the Administrative Judge to request assignment of a visiting judge. The Administrative Judge made that request to the Supreme Court and Judge Reinbold was assigned. Before a certificate of assignment was filed, Judge Reinbold presided over a suppression and motion in limine hearing and issued an order.

{¶4} The complaint further alleges that Judge Reinbold presided over Mr. Payne's jury trial. At the conclusion of the jury trial, Judge Rowlands signed an order reflecting that the trial occurred and the jury returned verdicts of guilty. A few days later, Judge Rowlands also signed an amended order. Judge Reinbold signed the final judgment of conviction following the sentencing hearing. Having reviewed the facts set forth in the complaint, we turn to the applicable standards.

{¶5} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements for this Court to grant the writ of mandamus.

{¶6} For this Court to issue a writ of prohibition, relator must establish that: (1) the judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶7} The complaint also claimed that the alleged lack of jurisdiction is patent and unambiguous. In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy at law need not be proven because the availability of alternate remedies would be immaterial. *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 162 (2001).

{¶8} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), the complaint does not state a claim for mandamus or prohibition upon which relief can be granted. Unless a trial court lacks jurisdiction, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶9} The first count of the complaint alleges that Judge Reinbold acted without jurisdiction because he presided and entered orders before his certificate of assignment was completed and filed. Mr. Payne relies on *Frad v. Kelly*, 302 U.S. 312 (1937), to support his

argument. That case involved the appointment of a judge in a federal court, a procedure unique to the federal system and not relevant to Ohio's system for the assignment of a visiting judge.

{¶10} The Ohio Supreme Court recently addressed a claim like Mr. Payne's and concluded that appeal provided an adequate remedy to challenge any error in the assignment of a visiting judge:

> Moreover, "[l]ike other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. "[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal." *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470, 746 N.E.2d 1119 (2001). There is an exception to the adequate-remedy requirement: "'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.'" *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995), *overruled on other grounds*, *Smith*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, at ¶ 29. But even if Judge Schott were somehow improperly assigned, "[i]n a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over the particular case and render the judgment voidable, not void." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph one of the syllabus; *see also State v. Baumgartner*, 6th Dist. Ottawa No. OT-03-013, 2004-Ohio-3907, 2004 WL 1662193, ¶ 11 ("even if the certificate of assignment was entirely absent from a case record, it would not void the jurisdiction of the court or [the visiting judge's] authority to issue judgments and orders").

*State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, ¶ 13. *See, also, State ex rel. Payne v. Reinbold*, 154 Ohio St.3d 83, 2018-Ohio-2704.

{¶11} Mr. Payne has not argued that the Summit County Court of Common Pleas lacked subject-matter jurisdiction over his criminal case. Accordingly, even if Judge Reinbold were improperly assigned, irregularities in the transfer of the case to the visiting judge affect the trial court's jurisdiction over the particular case and render the judgment voidable, not void. *Turner* at ¶ 13. The Supreme Court's decision further establishes that the trial court did not patently and unambiguously lack jurisdiction. *Id.* Appeal provided Mr. Payne with an adequate remedy to

challenge the assignment, so he cannot demonstrate that he is entitled to a writ of mandamus or prohibition.

{¶12} The second count of the complaint alleges that Judge Rowlands's authority over his case was terminated when she recused herself from the case and Judge Reinbold was assigned. There is no allegation in the complaint that Judge Rowlands recused herself because she had a conflict of interest. To the contrary, the request for a visiting judge, according to the complaint, was to allow Judge Rowlands to preside over a civil trial while protecting Mr. Payne's right to a speedy trial.

{¶13} The Supreme Court has held that "a nonassigned judge is permitted to perform purely ministerial acts." *Payne* at ¶ 13. This would include signing a judgment of conviction. *Id.* If there were any error, Mr. Payne could have challenged that on direct appeal. *Id.* Because appeal provided an adequate remedy, Mr. Payne is not entitled to a writ of mandamus or prohibition.

{¶14} Considering the allegations in the complaint as true, we conclude that Mr. Payne's complaint does not state a claim for mandamus or prohibition upon which relief can be granted.

{¶15} Because Mr. Payne cannot prevail on the facts he alleged, the petition is dismissed. Costs of this action are taxed to Mr. Payne. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER A. HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

BROLIN PAYNE, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant
Prosecuting Attorney, for Respondents.