[Cite as *State ex rel. Zarbana Industries, Inc. v. Hayes*, 2020-Ohio-5200.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Zarbana Industries, Inc., | : | |
| Relator, | : | |
| v. | : | No. 19AP-71 |
| Jeremy M. Hayes et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on November 5, 2020

**On brief:** *Bugbee & Conkley, LLP, Mark S. Barnes,* and *Gregory B. Denny,* for relator.

**On brief:** *Heller, Maas, Moro, & Magill, Co. LPA,* and *Patrick J. Moro,* for respondent Jeremy Hayes.

**On brief:** *Dave Yost,* Attorney General, and *John Smart,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

NELSON, J.

{¶ 1} Jeremy Hayes "suffered severe injury to his right hand" when it was caught in a punch press on June 28, 2013 during his employment with Zarbana Industries, Inc. *See* May 12, 2016 staff hearing officer award for Violation of a Specific Safety Regulation ("VSSR order") at 2. Within two years, he applied to the industrial commission for a VSSR award, alleging that Zarbana had violated certain safety requirements established through the Ohio Administrative Code. *See id.* (detailing claims). Some months later, the commission advised the parties that its preliminary, non-binding estimate was that the application could result in an award to Mr. Hayes ranging in value from $20,866 to $69,554. *See* Stip. at 8. A hearing then conducted on March 17, 2016 convinced a

commission staff hearing officer that Zarbana had in fact failed to comply with a provision of the Ohio Administrative Code that requires a foot pedal for a punch press of this sort to have a front guard protecting against accidental activation. VSSR order at 10-11. Because the violation, like the injury, was "serious," the staff hearing officer believed that Mr. Hayes was due "an additional award of compensation * * * in the amount of 30 percent of the maximum weekly rate" (which we understand would amount to an award somewhat toward the middle of the estimated money range). *Id.* at 12.

{¶ 2} Before the staff hearing officer had issued his VSSR order, however, Zarbana and Mr. Hayes proposed a settlement. *See* May 12, 2016 staff hearing officer order regarding settlement at 2 (referencing proposed settlement agreement executed April 5, 2016 and filed with the commission April 8, 2016). The proffered settlement was for a total sum of $2,000. *Id.; see also* Complaint at ¶ 8. Using language recommended on a form from the commission, the proposed agreement recited in part:

> The parties now desire to make a full and complete lump sum settlement of the Injured Worker[']s [VSSR] application, subject to the approval of the Industrial Commission. * * * [T]his agreement shall be submitted to the Industrial Commission of Ohio for approval, and Employer shall not pay the agreed amount until this agreement shall have been approved by the [] Industrial Commission and made a matter of record in the Claim * * *.

Magistrate's Decision at 3 (citing Stip. at 119); Complaint at ¶ 10 (noting use of "VSSR IC-10" settlement form).

{¶ 3} That language as adopted by the parties from the commission's suggested form is informed, in turn, by Ohio Adm.Code 4121-3-20 regarding "[a]dditional awards by reason of violations of specific safety requirements." Contemplating potential settlements, the administrative rule provides for a commission staff hearing officer to consider joint applications for settlement, either before or after adjudication of a VSSR application, and specifies:

> If the staff hearing officer finds that the settlement is appropriate, the staff hearing officer shall issue an order approving it. If the staff hearing officer does not find the settlement to be appropriate in its present form, the staff hearing officer shall schedule a hearing with notices to all parties and their representatives where the matter of the

proposed settlement is to be considered. Following the hearing, the staff hearing officer shall issue an order either approving or disapproving the settlement, and the order shall be final.

Ohio Adm.Code 4121-3-20(F)(1).

{¶ 4} Here, the staff hearing officer did not approve the settlement as "appropriate," and on May 11, 2016 conducted a hearing "for the purpose of adjudicating the propriety of the Settlement of Claimed Violation of a Specific Safety Requirement." May 12, 2016 staff hearing officer order regarding settlement at 1. He noted that upon receiving the transcript of the VSSR hearing, he had "prepared a written decision adjudicating" Mr. Hayes's application, but then received the settlement filing "prior to publication of th[e] Merit Order." *Id.* at 1-2. Observing that the settlement agreement as filed "seeks to settle the Injured Worker's V.S.S.R. claim for the total sum of $2,000 (two-thousand dollars)," the hearing officer disapproved it as "neither fair nor equitable" in light of what he had seen and determined from the merits hearing. *Id.* at 2. Having disapproved the settlement proposal, the hearing officer also issued his VSSR award. May 12, 2016 staff hearing officer order regarding settlement; May 12, 2016 VSSR order (mailed that day).

{¶ 5} Zarbana requested reconsideration of the settlement disapproval, but the commission found that it lacked authority to exercise continuing jurisdiction over the matter pursuant to R.C. 4123.52. Magistrate's Decision at ¶ 18-19; Complaint at ¶ 19-20. After an unsuccessful attempt for declaratory judgment, *see Zarbana Industries, Inc. v. Hayes*, 10th Dist. No. 18AP-104, 2018-Ohio-4965, Zarbana filed a mandamus action asking us to issue a writ ordering the commission to vacate its May 12, 2016 disapproval of the proposed settlement, approve the proposed settlement, and consequently vacate Mr. Hayes's VSSR award. Magistrate's Decision at 20-21; Complaint at prayer.

{¶ 6} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, the court referred this matter to a magistrate. The Magistrate's Decision of April 9, 2020 made various findings of fact consistent with the description set forth above. In its "Discussion and Conclusions of Law," the magistrate properly noted that to obtain a writ of mandamus, "a relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967)."

Magistrate's Decision at 4; *see also, e.g., Kinsey v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund*, 49 Ohio St.3d 224, 225 (1990). Concluding that the commission had authority to disapprove the proposed settlement, and that Zarbana therefore does not have a clear legal right to the relief it seeks and that the commission did not have a clear legal duty to approve the settlement, the magistrate recommended that we deny the writ. *Id.* at 4, 6.

{¶ 7} Zarbana has filed objections to the Magistrate's Decision, and we undertake "an independent review as to the objected matters to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). He has.

{¶ 8} The gravamen of Zarbana's objections is that "[t]he magistrate suggests that the Commission has reserved the right to overturn the will of the parties because of the Commission's goal to promote safety and its general authority over VSSR claims. The error in the magistrate's reasoning is there is nothing in Ohio Admin.Code 4121-3-20(F)(1) reserving such a right to the Commission." Objections at 8-9. Well, nothing perhaps but that provision's instruction that a joint settlement application "shall be considered by a staff hearing officer" who is to determine whether "the settlement is appropriate" and who, if he or she "does not find the settlement to be appropriate in its present form," is to "consider[]" the matter at a hearing and then "issue an order either approving or disapproving the settlement," with that order to be final. Ohio Adm.Code 4121-3-20(F)(1). Nothing except that.

{¶ 9} Zarbana complains that "the magistrate fails to apply any sort of statutory construction to the rule, rendering a conclusory decision." Objections at 2. Translated, the objection seems to be that the magistrate read the plain language of the rule to mean what it says. Zarbana indeed concedes that " 'appropriate' means 'especially [sic] suitable or compatible: fitting.' " Objections at 7, quoting a *Merriam-Webster's Collegiate Dictionary*. And the commission through its staff hearing officer found in essence that the proposed $2,000 resolution of such a significant claim in this worker safety context was not suitable or fitting: it was "neither fair nor equitable." May 12, 2016 settlement disapproval order at 2. This does not mean, as Zarbana argues, that "[t]he magistrate effectively found that 'appropriate' is synonymous with fairness and equity," *compare* Objections at 8: rather,

while the commission concluded that the lack of fairness and equity rendered the settlement inappropriate in this context, other considerations, too, could make a VSSR settlement inappropriate (as when its terms contravene the law or regulatory safety policies).

{¶ 10} But, Zarbana contends—and despite the commission's constitutional and statutory authority to determine injury claims resulting from employer failure to observe specific safety requirements, *see* Ohio Constitution, Article II, Section 35 and R.C. 4121.35(B)(3)—the commission is precluded from taking "fairness or equity" or a "goal to promote safety" into account in evaluating whether a proposed VSSR settlement is "appropriate." Objections at 13, 8. Zarbana apparently reasons (at least in its briefing to the magistrate, although not directly in its objections) that the phrase from Ohio Adm.Code 4121-3-20(F)(1) triggering a hearing "[i]f the staff hearing officer does not find the settlement to be appropriate in its present form" constricts the scope of the commission's appropriateness determination to a question of whether a proposed settlement is appropriate 'as to form.' *See* Magistrate's Decision at 5 (correctly characterizing Relator's Brief at 21: "Zarbana proposes that the settlement agreement in a VSSR matter is appropriate if it is 'structurally sound,' which Zarbana proposes is limited to assessment of whether the agreement meets basic common-law concepts of contractual formation and validity"). But the administrative code provision doesn't say that. At all. And Zarbana acknowledges that we cannot add or subtract words from the rule as adopted. Objections at 13, citing *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, ¶ 12 (in reading statutes, courts "may not delete or insert words, but must give effect to the words the General Assembly has chosen").

{¶ 11} Instead, again to use Zarbana's briefing, here "each word of the rule must be read in context and according to its ordinary dictionary meaning." Objections at 5 (citations omitted); *see also* Magistrate's Decision at 5 ([at least absent some specialized context,] "words of an administrative rule are to be given their plain and ordinary meaning, as with basic principles of statutory construction. *Frisch's Restaurants, Inc. v. Ryan*, 121 Ohio St.3d 18, 2009-Ohio-2"; further citation omitted). The commission did not deem the proposed settlement "appropriate in its present form" in that, as presented, it proposed to liquidate Mr. Hayes's significantly more valuable claim for only $2,000. Notably, Zarbana

does not argue that the staff hearing officer erred in finding that amount unfair and inequitable and out of step with the commission's view that a "potential award" regarding a "claim for such violation is in the range from $20,866.00 to $69,554.00." *Compare* May 12, 2016 settlement disapproval order *with* Objections at 6-8 (urging that commission lacks authority to consider fairness, equity, or safety considerations in this context); *compare also State ex rel. Inland Div., Gen. Motors Corp. v. Collins*, 34 Ohio App.3d 80, 82 (10th Dist.1986) (purpose of VSSR statute is to penalize [and thus deter] employers who have "failed to comply with a specific lawful requirement").

{¶ 12} Zarbana's other, tangential objections also are unavailing. It deplores the magistrate's reference to its bootless declaratory judgment action, saying that the magistrate's report there is "irrelevant and immaterial"—but not that it is incorrect. *See* Objections at 3. Zarbana also asserts at page 3 of its Objections that the magistrate "omitted a key fact," which Zarbana reveals at page 11 to be that the staff hearing officer "had notice of the parties' desire to settle [but not the amount of the proffered agreement] on April 5, 2016," days before he finished drafting his VSSR order (on the day the settlement proposal was submitted). Zarbana's point that this claimed omission "obscures the [staff hearing officer's] potential bias in rejecting the settlement," *id.* at 13, strikes us as itself rather obscure and not a basis for overruling anything. Zarbana's position that the commission should have exercised continuing jurisdiction to correct what Zarbana perceives as a "mistake of law" in its claim of "authority [under the Ohio Adm.Code] to approve or deny VSSR settlements based on fairness or equity," *id.*, fails in light of the administrative code's grant of authority to approve or disapprove the appropriateness of a VSSR settlement. And Zarbana's statement that its own (joint) use of the commission's recommended form to apply for settlement approval as involving "merely a form" without the "weight of a law" does not erase its own agreement that the tendered settlement was to be "subject to the approval of the Industrial Commission." *Compare id.* at 10 *with* Magistrate's Decision at 3; *see also* Commission's Brief at 2 ("Zarbana has failed to demonstrate it has a clear legal right to enforce a document that, by its own terms, is effective only upon the commission's agreement").

{¶ 13} Just as administrative bodies are not empowered to reformulate their regulations through "interpretation," neither are regulated entities entitled to amend the

text of provisions duly promulgated in Ohio's Administrative Code.  Even were we otherwise inclined, we are not at liberty to re-write Ohio Adm.Code 4121-3-20(F)(1) to direct that a VSSR settlement is to be submitted to the commission 'only as to form.'  The commission's review of a VSSR settlement is to determine whether it is "appropriate in its present form."  Here, pursuant to the processes envisioned by Ohio Adm.Code 4121-3-20(F)(1), the commission staff hearing officer conducted a hearing and disapproved as inappropriate the proposal that, as then before him, contemplated a payment of $2,000 on what he saw as a much more significant specific safety requirement claim.  Zarbana does not provide us with any persuasive argument for why it has a clear legal right to have that order set aside or why the commission has a clear legal duty to approve the proffered settlement.

{¶ 14}  We overrule Zarbana's objections.  We adopt the magistrate's findings of fact and conclusions of law (apart from a mis-citation to what should be Ohio Adm.Code 4121-3-20(F)(1) in paragraph 39 of the appended decision), and we follow his recommendation in denying Zarbana's requested writ.

*Objections overruled; writ of mandamus denied.*

KLATT and BEATTY BLUNT, JJ., concur.

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Zarbana Industries, Inc., | : | |
| Relator, | : | |
| v. | : | No. 19AP-71 |
| Jeremy M. Hayes et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 29, 2020

*Bugbee & Conkley, LLP, Mark S. Barnes,* and *Gregory B. Denny,* for relator.

*Heller, Maas, Moro, & Magill, Co. LPA,* and *Patrick J. Moro,* for respondent Jeremy Hayes.

*Dave Yost,* Attorney General, and *John Smart,* for respondent Industrial Commission of Ohio.

## IN MANDAMUS

{¶ 15} This original action is the culmination of administrative proceedings arising from a claim involving a violation of specific safety requirements ("VSSR") related to a workplace injury suffered by respondent, Jeremy M. Hayes, an employee of relator Zarbana Industries, Inc. Zarbana seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the commission's order declining to exercise continuing jurisdiction over the matter and, thus, declining to set aside a staff hearing officer's ("SHO") order that rejected an agreed VSSR settlement between the parties and imposed a greater VSSR award.

Findings of Fact:

{¶ 16} 1. Zarbana is a corporation doing business in Ohio and a compliant state-fund employer.

{¶ 17} 2. Hayes, then employed by Zarbana as a punch press operator, sustained severe hand injuries in the course of employment on June 28, 2013.

{¶ 18} 3. The allowance of Hayes' claim from the resulting conditions is not in dispute.

{¶ 19} 4. On or about May 27, 2015, Hayes filed a VSSR application alleging that Zarbana violated Ohio Administrative Code provisions governing specific safety requirements pertaining to the press operated by Hayes at the time of his injury.

{¶ 20} 5. On October 29, 2015, the commission mailed the parties a "Claim Value At Settlement" letter explaining the typical VSSR negotiation and adjudication process. This communication included the commission's non-binding estimate that this VSSR application could result in an award ranging between $20,866 and $69,554. (Stip. at 8.)

{¶ 21} 6. The commission's October 29, 2015 letter advised the parties that a "substantial percentage of violations of specific requirement(s) cases are settled by agreement between the parties. Whether to negotiate a settlement is a discretionary matter between the Injured Worker and Employer * * *." (Stip. at 9.)

{¶ 22} 7. The October 29, 2015 letter further provided that "[i]f settlement is reached, it is the policy of the Industrial Commission to assist in bringing the matter to a rapid conclusion. Toward that goal, the Commission has developed a written Settlement Agreement specifically for violation of specific safety requirement (s) matters. * * * This form is not required by the Industrial Commission, but its use is recommended to assist in expediting this process." (Stip. at 9.) This prepared settlement document is the commission's IC-10 form.

{¶ 23} 8. An SHO notified the parties that the commission would hold a pre-hearing conference pursuant to Ohio Adm.Code 4121-3-20(D)(4) on December 10, 2017.

{¶ 24} 9. After the pre-hearing conference took place on December 10, 2017, the commission issued a notice summarizing the conference discussions and continuing the VSSR merit hearing by 90 days to allow further settlement discussions:

> The items on the pre-hearing conference checklist were addressed, and additional time for the parties to pursue settlement negotiations was requested. As a result, the hearing

on the merits of the Injured Worker's IC-8/9 [VSSR] application will be scheduled for Thursday, March 17, 2017 * * *. (Stip. at 40.)

{¶ 25} 10. The VSSR merits hearing duly went forward on March 17, 2016.

{¶ 26} 11. Before the SHO issued an order resulting from the VSSR merits hearing adjudicating the merits of the VSSR application, Zarbana filed with the commission an IC-10 settlement form signed by Zarbana and Hayes and setting forth the terms of a settlement between the parties. The IC-10 settlement form was executed on April 5 and filed with the commission on April 8, 2016. (Stip. at 119.)

{¶ 27} 12. The IC-10 settlement form contains the following language:

> The parties now desire to make a full and complete lump sum settlement of the Injured Workers' [VSSR] application, subject to the approval of the Industrial Commission. * * * [T]his agreement shall be submitted to the Industrial Commission of Ohio for approval, and Employer shall not pay the agreed amount until this agreement shall have been approved by the [] Industrial Commission and made a matter of record in the Claim * * *. (Stip. at 119.)

{¶ 28} 13. Also on April 8, 2016, the SHO prepared, but did not file, an order resolving the merits of the VSSR application. The order concludes that Zarbana had violated the pertinent safety requirements and ordered a 30 percent additional award of compensation to Hayes.

{¶ 29} 14. On May 11, 2016, the same SHO who had conducted the VSSR merits hearing conducted a hearing pursuant Ohio Adm.Code 4121-3-20(F) addressing the VSSR settlement agreement. (Stip. at 124-32.)

{¶ 30} 15. At the May 11, 2016 hearing on the VSSR settlement agreement, the hearing officer stated as follows:

> We are here today because there was a settlement filed on April 20 (sic), 2016 which attempted to settle the VSSR claim. The difficulty with this situation is we had already had the hearing on the merits, and the order was actually prepared but not released at the time the settlement came in. And the issue of settlement is now set before me under the provisions of Administrative Code 4121[-]3-20(F), and that provision provides an opportunity for the parties to present argument in support of why the VSSR claim is being settled for the amount that it is being settled. (Stip. at 128.)

{¶ 31} 16. The parties do not dispute that the settlement agreement was filed on April 8 not April 20, 2016 as stated by the SHO at the settlement agreement hearing.

{¶ 32} 17. Two separate orders issued on May 12, 2016, the first reflecting the hearing officer's grant of an additional 30 percent VSSR award, and the second rejecting the VSSR settlement agreement. (Stip. at 144, 147.)

{¶ 33} 18. Zarbana requested reconsideration of the May 12, 2016 order rejecting the VSSR settlement agreement. (Stip. at 146.)

{¶ 34} 19. On September 22, 2016, the commission issued its notice that it lacked authority to exercise continuing jurisdiction pursuant to R.C. 4123.52 and denied Zarbana's reconsideration request. (Stip. at 160-64.)

{¶ 35} 20. Zarbana sought a declaratory judgment from the Franklin County Court of Common Pleas to establish the commission's lack of legal authority to adjudicate a VSSR settlement once agreed to by the parties. The Franklin County Court of Common Pleas dismissed the complaint, and this court affirmed the dismissal for lack of jurisdiction. *Zarbana Industries, Inc. v. Hayes*, 10th Dist. No. 18AP-104, 2018-Ohio-4965.

{¶ 36} 21. Zarbana filed its complaint in mandamus on February 4, 2019 seeking a writ setting aside both of the commission's May 12, 2016 orders.

Discussion and Conclusions of Law:

{¶ 37} In order for this court to issue a writ of mandamus, a relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). The principal issue raised in this original action is whether the commission has the authority to disregard a settlement agreement signed by both parties and submitted to the commission in a VSSR matter, and thereafter continue with a hearing to assess the merits of the VSSR matter. The magistrate concludes that the commission has that authority, and that Zarbana does not have a clear legal right to the relief requested, and a writ must be denied.

{¶ 38} Pursuant to the Ohio Constitution, the commission has exclusive jurisdiction over VSSR claims and the special statutory proceedings pertaining thereto:

> [The Industrial Commission] shall have full power and authority to hear and determine whether or not an injury,

disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees.

Ohio Constitution, Article II, Section 35.

{¶ 39} R.C. 4121.35 and Ohio Adm.Code 4121-3-20(A) govern VSSR proceedings and reflect the constitutional authority given to the commission in this respect. Ohio Adm.Code 4121-30-20(A)(1) clearly gives the commission's SHO discretion to approve, and more pertinently here disapprove, an application for settlement of a VSSR claim:

If the staff hearing officer does not find the settlement to be appropriate in its present form, the staff hearing officer shall schedule a hearing with notices to all parties and their representatives where the matter of the proposed settlement is to be considered. Following the hearing, the staff hearing officer shall issue an order either approving or disapproving the settlement, and the order shall be final.

{¶ 40} Zarbana asks that the commission be held to a restrictive interpretation of the phrase "appropriate in its present form" in Ohio Adm.Code 4121-3-20(F)(1). Zarbana argues that the SHO instead concluded that the submitted settlement was unfair and inequitable. Zarbana points out that the language of this section contrasts with that of R.C. 4123.65, governing settlement of workers' compensation claims, pursuant to which an SHO will determine "whether the settlement agreement is or is not a gross miscarriage of justice," to be set aside if the SHO determines "that the settlement agreement is clearly unfair * * *."

{¶ 41} Zarbana proposes that the settlement agreement in a VSSR matter is appropriate if it is "structurally sound," which Zarbana proposes is limited to assessment of whether the agreement meets basic common-law concepts of contractual formation and validity. (Relator's Brief at 21.)

{¶ 42} The words of an administrative rule are to be given their plain and ordinary meaning, as with basic principles of statutory construction. *Frisch's Restaurants, Inc. v. Ryan*, 121 Ohio St.3d 18, 2009-Ohio-2; *State ex rel. Richmond v. Indus. Comm.*, 139 Ohio St.3d 157, 2014-Ohio-1604, ¶ 28. The magistrate sees no reason to limit construction of the term "appropriate" in Ohio Adm.Code 4121-3-20(F)(1). The commission's application of the term in this matter is usual and customary. The SHO had grounds to find that the

settlement was inappropriate based upon all the factors regarding the circumstances of the injury and pertinent safety requirements.

{¶ 43} Moreover, the IC-10 application that was submitted in this case contains consistent boilerplate:

> This agreement shall be submitted to the Industrial Commission of Ohio *for approval*, and Employer shall not pay the agreed amount until this agreement shall have been approved by the [] Industrial Commission* * *.

(Emphasis added.)(Stip. at 119.) Such a review by the commission is consistent with the goals of the VSSR award system, which is not only compensation for injured employees or their survivors, but a deterrent penalty imposed on the employer to ensure correction of workplace hazards. *State ex rel. Inland Div., Gen. Motors Corp. v. Collins*, 34 Ohio App.3d 80 (10th Dist. 1986). The commission could conclude that an inadequate award in this case would lack the desired deterrent effect.

{¶ 44} Nor does the magistrate consider that the commission abused its discretion by finding that it lacked authority to exercise continuing jurisdiction. R.C. 4123.52 gives the commission continuing jurisdiction to reconsider a matter, but that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998). None of those factors are present here, and Zarbana is not entitled to a writ compelling the commission to exercise its continuing jurisdiction.

{¶ 45} In summary, Zarbana does not have a clear legal right to the relief requested, nor does the commission have a clear legal duty to provide it. It is the magistrate's decision that the requested writ will not issue.

/S/ MAGISTRATE
MARTIN L. DAVIS

## NOTICE TO THE PARTIES

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a

finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).