[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, Slip Opinion No. 2021-Ohio-3669.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3669

THE STATE EX REL. ZARBANA INDUSTRIES, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, Slip Opinion No. 2021-Ohio-3669.]**

*Workers' compensation—Violation of specific safety requirements—Ohio Adm.Code 4121-3-20(F)(1)—Industrial commission has discretion to disapprove a proposed settlement award for an employer's violation of a specific safety requirement if the commission determines that the settlement is not fair or equitable—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2020-1575—Submitted August 3, 2021—Decided October 19, 2021.)

APPEAL from the Court of Appeals for Franklin County, No. 19AP-71, 2020-Ohio-5200.

_____

**Per Curiam.**

{¶ 1} After suffering a work injury, appellee Jeremy M. Hayes sought an additional workers' compensation award for his employer's violation of specific safety requirements ("VSSRs"). Hayes and his employer, appellant, Zarbana Industries, Inc., submitted a proposed settlement for approval by appellee Ohio Industrial Commission. After a hearing, the staff hearing officer ("SHO") rejected the settlement as neither fair nor equitable and granted Hayes's request for a VSSR award. Zarbana sought reconsideration, which the commission denied. Zarbana then asked the Tenth District Court of Appeals for a writ of mandamus compelling the commission to vacate its orders and approve the settlement. The Tenth District denied the writ, and Zarbana appealed. Zarbana has moved for oral argument.

{¶ 2} We affirm the Tenth District's judgment denying the writ, and we deny the motion for oral argument.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Hayes's right hand was crushed in a punch press while he was working for Zarbana, "resulting in multiple finger amputations." His workers' compensation claim was allowed for a crushing injury and several other conditions.

{¶ 4} Hayes applied for an award of additional compensation due to Zarbana's alleged VSSRs. Zarbana denied that it had violated any safety requirements. The commission sent the parties a letter estimating that if Hayes's VSSR application was allowed, the award could range from approximately $21,000 to approximately $70,000, "subject to increase if there is ongoing compensation or future compensation paid in this claim." The commission then held a hearing on the merits of the application.

{¶ 5} Before the SHO issued his decision, however, Zarbana and Hayes submitted to the commission an agreement to settle Hayes's VSSR claim for a lump-sum payment of $2,000. The parties chose to set the terms of their agreement down on a form provided by the commission. The agreement provided, as part of the prepared form, "This agreement shall be submitted to the Industrial

2

Commission of Ohio for approval, and Employer shall not pay the agreed amount until the agreement shall have been approved by the Ohio Industrial Commission and made a matter of record in the claim * * *."

{¶ 6} The SHO then convened a hearing at which he considered the settlement agreement under Ohio Adm.Code 4121-3-20(F)(1). The following day, the SHO issued two orders. One order granted Hayes a VSSR award of 30 percent of the maximum weekly rate. The commission asserts that the award at the time it was issued equaled approximately $40,000; Zarbana has not disputed that figure. The other order rejected the proposed $2,000 settlement as "neither fair nor equitable." Zarbana filed a motion for reconsideration; the commission found that it lacked the authority to exercise its continuing jurisdiction, so it denied the motion.

{¶ 7} Zarbana filed a declaratory-judgment action in the Franklin County Court of Common Pleas, alleging that the commission lacked statutory authority over VSSR settlements. *See Zarbana Industries, Inc. v. Hayes*, 10th Dist. Franklin No. 18AP-104, 2018-Ohio-4965, ¶ 7. The court dismissed the action for lack of jurisdiction, and the Tenth District affirmed. *Id*. at ¶ 9, 32.

{¶ 8} Zarbana then filed this mandamus action in the Tenth District, alleging that the commission lacks authority to reject a settlement agreement on the grounds of fairness or equity. Zarbana sought a writ compelling the commission to vacate its order rejecting the settlement, vacate its order granting Hayes a VSSR award, and issue an order approving the settlement. The Tenth District denied the writ. 2020-Ohio-5200, ¶ 14.

{¶ 9} Zarbana appealed. Amici curiae Ohio Chamber of Commerce and Ohio Self-Insurers Association filed a brief in support of Zarbana. Additionally, Zarbana has filed a motion for oral argument.

## II. ANALYSIS

{¶ 10} To be entitled to a writ of mandamus, Zarbana must establish that it has a clear legal right to the requested relief, that the commission has a clear legal

duty to provide it, and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Manor Care, Inc. v. Bur. of Workers' Comp.*, 163 Ohio St.3d 87, 2020-Ohio-5373, 168 N.E.3d 434, ¶ 14. Zarbana must make this showing by clear and convincing evidence. *Id.*

{¶ 11} Zarbana asserts three propositions of law; we reject all three.

### A. *The Commission's Authority to Approve Settlements of VSSR Claims*

{¶ 12} The commission rejected the proposed settlement in this case under Ohio Adm.Code 4121-3-20(F)(1). In its first proposition of law, Zarbana asserts that "[b]ecause Ohio Admin.Code 4121-3-20(F) does not emanate from *any* statutory provision it is a nullity." (Emphasis sic.) Zarbana contends that the General Assembly has not granted the commission authority to approve or disapprove VSSR settlements. However, Zarbana did not assert this argument before the Tenth District. Zarbana has therefore waived the argument, and accordingly, we do not consider proposition of law No. 1. *See State ex rel. Bailey v. Indus. Comm.*, 139 Ohio St.3d 295, 2014-Ohio-1909, 11 N.E.3d 1136, ¶ 17 ("We find that [appellant] failed to raise this issue below; thus, it is waived").

### B. *Ohio Adm.Code 4121-3-20(F)(1)*

{¶ 13} In its second proposition of law, Zarbana argues that if Ohio Adm.Code 4121-3-20(F)(1) applies, it permits the commission to approve or disapprove settlements only as to "form" and not on the basis of fairness or equity. Stringing together several dictionary definitions, Zarbana asserts that in the context of this rule, "form" refers to the "structural" suitability and soundness of the agreement—i.e., whether the agreement contains the elements of a valid contract.

{¶ 14} Ohio Adm.Code 4121-3-20(F)(1) provides:

> Joint application of the claimant and the employer * * * on
> an agreed settlement shall be considered by a staff hearing officer
> without hearing. * * * *If the staff hearing officer finds that the*

4

*settlement is appropriate*, the staff hearing officer shall issue an order approving it. If the staff hearing officer *does not find the settlement to be appropriate in its present form*, the staff hearing officer shall schedule a hearing with notices to all parties and their representatives where the matter of the proposed settlement is to be considered. Following the hearing, the staff hearing officer shall issue an order either *approving or disapproving the settlement*, and the order shall be final.

(Emphasis added.)

{¶ 15} As the commission points out, "The words of an administrative rule are given their plain and ordinary meaning." *State ex rel. Richmond v. Indus. Comm.*, 139 Ohio St.3d 157, 2014-Ohio-1604, 10 N.E.3d 683, ¶ 28.

{¶ 16} The commission asserts that it applied the plain language of Ohio Adm.Code 4121-3-20(F)(1). The Tenth District agreed, stating:

The gravamen of Zarbana's objections is that "[t]he magistrate suggests that the Commission has reserved the right to overturn the will of the parties because of the Commission's goal to promote safety and its general authority over VSSR claims. The error in the magistrate's reasoning is there is nothing in Ohio Admin.Code 4121-3-20(F)(1) reserving such a right to the Commission." Objections at 8-9. Well, nothing perhaps but that provision's instruction that a joint settlement application "shall be considered by a staff hearing officer" who is to determine whether "the settlement is appropriate" and who, if he or she "does not find the settlement to be appropriate in its present form," is to "consider[ ]" the matter at a hearing and then "issue an order either approving

or disapproving the settlement," with that order to be final. Ohio Adm.Code 4121-3-20(F)(1). Nothing except that.

(Brackets sic.) 2020-Ohio-5200 at ¶ 8. The Tenth District then explained that the commission essentially found that the settlement for $2,000 of such a significant VSSR claim was not "appropriate" because it was not fair or equitable. *Id*. at ¶ 9.

{¶ 17} We agree with the commission and the Tenth District. Ohio Adm.Code 4121-3-20(F)(1) provides that the SHO shall approve a settlement that the SHO finds to be "appropriate." The regulation provides no gloss on that word, and it sets forth no specific parameters or criteria. It then provides that the SHO shall hold a hearing if the SHO "does not find the settlement to be appropriate in its present form." *Id*. There is no indication, let alone the clarity required for a writ of mandamus to issue, that the settlement's "form" refers to its "structural" suitability—which Zarbana argues means the elements of a contract affecting the validity of the agreement—rather than simply the settlement's present iteration, i.e., its current terms.

{¶ 18} Moreover, Zarbana's proposed reading makes little sense because the commission provides a form for parties to use when submitting proposed settlements; under Zarbana's theory, the commission would have to approve any settlement submitted on that form. More to the point, however, Ohio Adm.Code 4121-3-20(F)(1) concludes with the broad statement that the SHO "shall issue an order either approving or disapproving the settlement." Here again, the regulation provides no criteria for the SHO's approval. But importantly, the object of the sentence—the item the SHO is to approve or disapprove—is the *settlement*, not the *agreement*.

{¶ 19} The commission's reading of Ohio Adm.Code 4121-3-20(F)(1) as granting the SHO the discretion to disapprove a proposed settlement as inappropriate if the SHO finds that the settlement is not fair or equitable is

consistent with the regulation's broadly worded plain language. And it is particularly reasonable in light of the fact that a VSSR award is not simply a matter of compensating the injured party but is also "a penalty imposed on an employer," *State ex rel. Byington Builders, Ltd. v. Indus. Comm.*, 156 Ohio St.3d 35, 2018-Ohio-5086, 123 N.E.3d 908, ¶ 19, meant to deter the violation of safety requirements. The commission therefore has an interest—distinct from the injured worker's interest in compensation—in ensuring that the penalty fairly matches the severity of the violation.

{¶ 20} Zarbana argues that the regulation as applied here infringes on its freedom to contract and therefore must be strictly construed, such that any authority the commission has to intervene in VSSR settlements does not go so far as to authorize an SHO to disapprove a settlement based on fairness or equity. But to the extent that freedom to contract is even applicable in the context of this administrative proceeding, Zarbana's argument entirely overlooks *Hayes's* freedom to contract. The only contract to which Hayes agreed requires the commission's approval of the settlement.

{¶ 21} Finally, amici curiae Ohio Chamber of Commerce and Ohio Self-Insurers Association argue that so long as the parties are represented by counsel, an SHO should not be permitted to reject a settlement because the SHO would have awarded a different amount. But it is not clear that that is what happened here; the SHO did not state that the only fair and equitable settlement amount would be the amount he awarded. And more to the point, these arguments are policy arguments that are better addressed to the commission or the General Assembly than to this court.

{¶ 22} We reject proposition of law No. 2.

### C. Continuing Jurisdiction

{¶ 23} In its third proposition of law, Zarbana argues that in response to its motion for reconsideration, the commission abused its discretion by failing to find

that the SHO committed a clear mistake of law justifying the commission's exercise of its continuing jurisdiction under R.C. 4123.52 and *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459, 692 N.E.2d 188 (1998). This argument is premised on the arguments asserted in proposition of law Nos. 1 and 2—i.e., that Ohio Adm.Code 4121-3-20(F)(1) is either invalid or was misapplied. Because we reject those arguments, we also reject proposition of law No. 3.

### D.  Motion for Oral Argument

{¶ 24} Finally, Zarbana moves for oral argument. In a direct appeal, the granting of a request for oral argument is subject to the court's discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, "we consider 'whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.' " *State ex rel. BF Goodrich Co., Specialty Chems. Div. v. Indus. Comm.*, 148 Ohio St.3d 212, 2016-Ohio-7988, 69 N.E.3d 728, ¶ 23, quoting *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 25} Zarbana argues that "it would be prudent to conduct oral argument" because this appeal "involves a case of first impression regarding the Commission's authority over VSSR settlements." But Zarbana has not identified any matter of great public importance, any complex factual or legal issues, any constitutional issues, or any conflict among the appellate districts. And the briefs fully articulate each party's argument. We therefore deny the motion.

### III.  CONCLUSION

{¶ 26} In light of the foregoing, we affirm the Tenth District's judgment denying the writ, and we deny the motion for oral argument.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————

Bugbee & Conkle, L.L.P., Mark S. Barnes, and Gregory B. Denny, for appellant.

Heller, Maas, Moro & Magill Co., L.P.A., and Patrick J. Moro, for appellee Jeremy M. Hayes.

Dave Yost, Attorney General, and John Smart, Assistant Attorney General, for appellee Industrial Commission of Ohio.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging reversal for amici curiae, Ohio Chamber of Commerce and Ohio Self-Insurers Association.

_____