[Cite as *State ex rel. Hineman v. Indus. Comm.*, 2024-Ohio-1136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Brian Hineman, | : | |
| Relator, | : | |
| v. | : | No. 22AP-149 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on March 26, 2024

**On brief:** *Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneiberg*, and *C. Bradley Howenstein*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Denise A. Corea*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LELAND, J.

{¶ 1} Relator, Brian Hineman, has filed an original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its November 28, 2020 order denying his request for temporary total disability ("TTD") compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. In that decision, the magistrate recommended this court deny relator's request for a writ of mandamus.

{¶ 3} Relator has filed objections to the magistrate's decision. While not delineating specific objections, relator argues in general that his objections "are based on the Magistrate's incorrect interpretation of the relevant case law that provides * * * a claimant [is] entitled to temporary total disability compensation if he/she is involuntarily laid off while working on restrictions." (Relator's Objs. at 5.)

{¶ 4} In order to be entitled to a writ of mandamus, a relator must establish "a clear legal right to the requested relief, that the commission has a clear legal duty to provide it, and that there is no adequate remedy in the ordinary course of the law." *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 166 Ohio St.3d 216, 2021-Ohio-3669, ¶ 10, citing *State ex rel. Manor Care, Inc. v. Ohio Bur. of Workers' Comp.*, 163 Ohio St.3d 87, 2020-Ohio-5373, ¶ 14. Under Ohio law, " '[w]hen an order [of the commission] is adequately explained and based on some evidence, there is no abuse of discretion and a reviewing court must not disturb the order.' " *State ex rel. Cogan v. Indus. Comm.*, ___ Ohio St.3d ___, 2023-Ohio-3567, ¶ 13, quoting *State ex rel. Aaron's, Inc. v. Ohio Bur. of Workers' Comp.*, 148 Ohio St.3d 34, 2016-Ohio-5011, ¶ 18.

{¶ 5} As outlined in the magistrate's findings of fact, relator sustained an injury on November 26, 2018 arising out of his employment with respondent Paramount Manufacturing Co., Inc. ("Paramount"). A claim was allowed for "strain unspecified muscle fascia tendon left shoulder; slap tear left glenoid labrum; and adjustment disorder with mixed anxiety and depressed mood." (Appended Mag. Decision at ¶ 18.) In March 2020, relator was released to return to light-duty work, and Paramount offered him light-duty work within his restrictions. Relator testified before the commission that "he felt uncomfortable accepting the job because it was an office job he was not used to performing, and he felt he would be subject to scrutiny." (Appended Mag. Decision at ¶ 20.)

{¶ 6} On March 12, 2020, relator began working for a different employer Genoa International Chemical Company ("Genoa"). On March 23, 2020, David Kotarsky, Ph.D., issued a "MEDCO-14," in which Dr. Kotarsky "instituted work restrictions based upon the allowed psychological condition of adjustment disorder with mixed anxiety and depressed mood." (Appended Mag. Decision at ¶ 22.) Relator worked for Genoa until he was "laid off on May 11, 2020, due to the COVID-19 pandemic." (Appended Mag. Decision at ¶ 23.) On June 24, 2020, relator filed a C-86 motion requesting TTD compensation "from May 12,

[2020] through July 9, 2020, and continuing, based upon Dr. Kotarsky's MEDCO-14."
(Appended Mag. Decision at ¶ 24.)

{¶ 7}    The matter came for hearing before a district hearing officer ("DHO") who issued an order denying TTD compensation. Relator appealed that decision, and the matter was heard before a staff hearing officer ("SHO") who issued an order affirming the order of the DHO. The SHO found "insufficient documentation" to establish, "by a preponderance of the evidence, that the allowed conditions in this claim directly caused [relator's] loss of earnings * * * as required by * * * R.C. 4123.56(F)." (Jt. Stip. of Evid., Ex. C, SHO Order at 1.) The SHO concluded that relator's "inability to work beginning on [May 12, 2020] is not related to the allowed injury [in the] claim," and that his "loss of earnings, after 05/11/2020, is related to economic factors flowing from the economic downturn" caused by "the COVID-19 pandemic" and his "decision to leave his employment with this Employer of Record as of 03/09/2020." (Jt. Stip. of Evid., Ex. C, SHO Order at 2.)

{¶ 8}    As indicated, the magistrate recommended denial of the requested writ of mandamus. More specifically, the magistrate found the commission properly construed and applied amended R.C. 4123.56(F) to relator's claim.

{¶ 9}    Effective September 15, 2020, the General Assembly amended R.C. 4123.56 to add division (F), which states as follows:

> If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.

{¶ 10}    In addressing the amendment, this court recently noted "the Ohio legislature enacted 2020 Ohio Am.Sub.H.B. No. 81 to, in part * * * supersede judicial decisions applying the voluntary abandonment doctrine" by the "addition of R.C. 4123.56(F)" as it applies to TTD compensation. *State ex rel. Autozone Stores, Inc. v. Indus. Comm.,* 10th Dist. No. 21AP-294, 2023-Ohio-633, ¶ 14.

{¶ 11} As indicated, relator contends the magistrate incorrectly interpreted relevant case law which provides a claimant is entitled to TTD compensation if he or she is involuntarily laid off while working with restrictions. In support, relator relies on several cases which, we note, were not cited by relator in his merit brief before the magistrate, nor did the magistrate's decision "interpret" any of those cases.

{¶ 12} Further, as argued by the commission, the cases cited by relator in his objections were decided prior to the amendment of R.C. 4123.56(F), and apply the abrogated doctrine of voluntary abandonment. As outlined above, the last sentence of R.C. 4123.56(F) states: "It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section." *See also Autozone* at ¶ 34 (noting the relator's "cited cases rely on the voluntary abandonment doctrine and therefore have been superseded as stated in R.C. 4123.56(F)" and, "[a]s a result, we do not find them to support [the relator's] position").

{¶ 13} In response to relator's objections, the commission argues the fact an employee has been laid off from employment prior to the requested period of TTD compensation "does not either automatically preclude or exclude TTD compensation pursuant to R.C. 4123.56(F) as argued by [relator]." (Memo. in Opp. to Objs. at 3.) Rather, the commission maintains, the criteria set forth in R.C. 4123.56(F) must be considered. We agree.

{¶ 14} Here, the magistrate found the commission properly construed and applied amended R.C. 4123.56(F) to the claim. In reaching that determination, the magistrate analyzed the facts under both the first and second sentences of R.C. 4123.56(F). In applying the first sentence of that division to the facts, the magistrate noted the commission found that relator, although working with medical restrictions at the time of his departure from the employer of record (Paramount) and at the time of his subsequent layoff from Genoa, "was capable of working" as of May 12, 2020. (Appended Mag. Decision at ¶ 37.) Further, the magistrate noted, "[t]here was no medical record [evidence] demonstrating * * * any specific change in [relator's] condition or circumstances as of May 11, 2020, that would entitle [him] to TTD compensation starting on May 12, 2020, except that [relator] was laid off that day due to the COVID-19 pandemic." (Appended Mag. Decision at ¶ 37.) The record supports the magistrate's determination that, in applying the first sentence of the statute,

the commission properly found relator was not entitled to receive TTD compensation because the reason he was unable to work and suffered a wage loss "was the result of his resignation from the original employer and Genoa's subsequent laying him off due to the COVID-19 pandemic." (Appended Mag. Decision at ¶ 37.)

{¶ 15} In applying the second sentence of R.C. 4123.56(F) to the facts, the magistrate noted the commission found relator "was not working and had suffered a wage loss as a direct result of reasons unrelated to the allowed injury." (Appended Mag. Decision at ¶ 38.) The magistrate found no error with that determination, noting relator "was not working at the time of his requested period of TTD compensation because he had resigned from his original employer," and "Genoa subsequently laid him off due to the COVID-19 pandemic." (Appended Mag. Decision at ¶ 38.) Upon review, we agree with the magistrate's conclusion there was some evidence to support the commission's determination that relator was not working at the time of the requested TTD compensation as a direct result of reasons unrelated to the allowed injury. Because some evidence supports the commission's decision to deny TTD compensation, "we cannot disturb the order." *Autozone Stores* at ¶ 36, citing *Aaron's* at ¶ 18.

{¶ 16} Upon review of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and correctly applied the relevant law. We therefore overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, the requested writ of mandamus is hereby denied.

*Objections overruled*;
*writ of mandamus denied.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

———————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Brian Hineman, | : | |
| Relator, | : | |
| v. | : | No. 22AP-149 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 16, 2023

*Nager, Romaine & Schneiberg Co., LPA*, *Jerald A. Schneiberg*, and *C. Bradley Howenstein,* for relator.

*Dave Yost*, Attorney General, and *Denise A. Gary*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 17} Relator, Brian Hineman ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its November 28, 2020, order that denied his request for temporary total disability ("TTD") compensation.

Findings of Fact:

{¶ 18} 1. On November 26, 2018, claimant sustained an injury in the course of and arising out of his employment as a warehouse manager for Paramount Manufacturing Co.,

Inc. ("employer"), respondent. His workers' compensation claim was allowed for the following conditions: strain unspecified muscle fascia tendon left shoulder; slap tear left glenoid labrum; and adjustment disorder with mixed anxiety and depressed mood.

{¶ 19} 2. In early March 2020, claimant was released to return to work in a light-duty capacity, and the employer offered claimant light-duty work within his restrictions.

{¶ 20} 3. In a March 5, 2020, letter, claimant resigned his employment with the employer as of March 9, 2020. Before the commission, claimant testified that he felt uncomfortable accepting the job because it was an office job he was not used to performing, and he felt he would be subject to scrutiny.

{¶ 21} 4. On March 12, 2020, claimant began working for another employer, Genoa International Chemical Company ("Genoa").

{¶ 22} 5. On March 23, 2020, David Kotarsky, Ph.D., issued a MEDCO-14, in which he instituted work restrictions based upon the allowed psychological condition of adjustment disorder with mixed anxiety and depressed mood.

{¶ 23} 6. Claimant worked for Genoa until he was laid off on May 11, 2020, due to the COVID-19 pandemic.

{¶ 24} 7. On June 24, 2020, relator filed a C-86 motion requesting TTD compensation from May 12, through July 9, 2020, and continuing, based upon Dr. Kotarsky's MEDCO-14.

{¶ 25} 8. An October 2, 2020, hearing was held before a district hearing officer ("DHO") on the issue of TTD compensation, and in an October 6, 2020, decision, the DHO found the following: (1) TTD compensation is denied; (2) claimant was released to return to work in light-duty capacity in early March 2020; (3) claimant testified he was offered light-duty work by the employer; (4) claimant testified he was uncomfortable accepting this light-duty position because he did not know how to perform office work and felt he would be working under scrutiny in an office position, so he  left as a result; (5) instead, claimant accepted a sales position with a different employer; (6) claimant resigned from the employer on March 5, 2020, and began his new job on March 9, 2020; (7) claimant worked for two months with the new employer until he was laid off as a result of COVID-19 on May 11, 2020; (8) thereafter, claimant applied for and received unemployment compensation; (9) claimant is not eligible for TTD compensation beginning May 12, 2020,

as his inability to work on that date is unrelated to the allowed injury in his claim; rather claimant's loss of earning after that date is related to economic factors resulting from the pandemic; and (10) claimant has not substantiated his loss of earnings is directly related to the allowed injury in the claim. Claimant appealed.

{¶ 26} 9. A November 25, 2020, hearing was held before a staff hearing officer ("SHO") on the issue of TTD compensation, and in a November 28, 2020, decision, the SHO found the following: (1) the order of the DHO is affirmed; (2) there is insufficient documentation to establish by a preponderance of the evidence that the allowed conditions in the claim directly caused claimant's loss of earnings; (3) claimant was provided medical restrictions that would physically permit him to return to light-duty work in March 2020; (4) the March 5, 2020, letter from the claimant sets forth that he chose not to pursue a return to employment with the employer in a light-duty capacity; (5) the March 5, 2020, letter explains that claimant desired to resign from his employment effective March 9, 2020; (6) in fact, claimant secured new employment on March 12, 2020, with a different employer, Genoa; (7) claimant continued to work for Genoa until he was laid off on May 11, 2020, due to the economic downturn caused by the COVID-19 pandemic; (8) claimant has received unemployment compensation beginning July 5, 2020; (9) claimant is not eligible to receive TTD compensation, as his inability to work on May 12, 2020, is not related to the allowed injury; and (10) the loss of earnings after May 11, 2020, is related to economic factors flowing from the economic downturn caused by the COVID-19 pandemic, and claimant's decision to leave his employment with the employer as of March 9, 2020. Claimant appealed.

{¶ 27} 10. On December 15, 2020, the commission refused claimant's appeal.

{¶ 28} 11. On March 4, 2022, claimant filed a petition for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 29} The magistrate recommends that this court deny the employer's writ of mandamus.

{¶ 30} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 31} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 32} TTD compensation awarded pursuant to R.C. 4123.56 is compensation for wages lost when a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treating physician provides a written statement that the claimant is able to return to the former position of employment; (3) work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the claimant has reached maximum medical improvement. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 33} R.C. 4123.56, which was amended by H.B. No. 81, effective September 15, 2020, modified the prior version of R.C. 4123.56 by adding the following entirely new language pertaining to voluntary abandonment:

> (F) If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.

R.C. 4123.56(F).

{¶ 34} Initially, the magistrate notes that amended R.C. 4123.56(F) applies to claims pending on or arising after the effective date, which is September 15, 2020. *State ex rel.*

*Autozone Stores, Inc.  v. Indus. Comm. of Ohio*, 10th Dist. No. 21AP-294, 2023-Ohio-633, fn. 1, citing *State ex rel. Ohio State Univ. v. Pratt*, 169 Ohio St.3d 527, 2022-Ohio-4111, ¶ 10, fn. 2, and *State ex rel. Cleveland Metro. School Dist. v. Indus. Comm.*, 10th Dist. No. 20AP-139, 2022-Ohio-2150, ¶ 47-48. Thus, because the DHO issued a decision on October 6, 2020, and the SHO issued a decision on November 28, 2020, the case was pending after the September effective date of R.C. 4123.56(F), and amended R.C. 4123.56(F) applies to the present case.

{¶ 35} Claimant presents two arguments. First, claimant argues that the commission abused its discretion when it found his period of disability was not related to the allowed conditions in his claim. Claimant claims that the employer's argument is one of voluntary abandonment (i.e., that he resigned and, therefore, abandoned his employment and is forever ineligible for TTD compensation), but the voluntary abandonment concept has been legislatively abandoned and replaced by the new R.C. 4123.56(F). Claimant asserts he did not remove himself from the workforce. Claimant contends that although he resigned on March 9, 2020, and accepted a position with a different employer three days later, there is no policy justification or legal basis to require an employee to remain forever shackled to the employer of record after an injury just so he can remain eligible for TTD compensation. Claimant argues that his loss of wages are a direct result of his injury, given he was declared disabled due to the allowed psychological conditions in his claim as of May 12, 2020.

{¶ 36} Second, claimant argues that, even assuming arguendo that the SHO was correct that claimant's loss of wages was not the direct result of his allowed conditions but due to his resignation, he is still entitled to TTD compensation because R.C. 4123.56(F) is set forth in the alternative and both portions must be given their ordinary meaning, pointing to the language, "[i]f an employee is not working <u>or</u> has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section." (Emphasis added.) Thus, claimant contends, according to the first sentence, a claimant is entitled to TTD compensation if unable to work or suffers a wage loss due to the injury, but is not entitled to TTD compensation if not working or suffers a wage loss due to reasons unrelated to the injury. Claimant asserts his refusal to accept a light-duty job offer and his resignation in

March 2020 are completely irrelevant to the determination under R.C. 4123.56(F) of whether he became disabled as a result of the allowed psychological condition in his claim in May 2020.

{¶ 37} The magistrate finds the commission properly construed and applied amended R.C. 4123.56(F) to claimant's case. Amended R.C. 4123.56(F) contains two distinct sections for determining whether an employee is entitled to TTD compensation based upon wage loss. Pursuant to the first section, an employee is entitled to receive compensation if the employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease. As this first section applies here, claimant was not entitled to receive compensation because the reason he was unable to work and suffered a wage loss was the result of his resignation from the original employer and Genoa's subsequent laying him off due to the COVID-19 pandemic. Although he may have been working with medical restrictions at the time of his departure from the employer of record and at the time of his subsequent layoff from Genoa, the commission found that he was capable of working as of May 12, 2020. There was no medical record demonstrating that there was any specific change in claimant's condition or circumstances as of May 11, 2020, that would entitle claimant to TTD compensation starting on May 12, 2020, except that claimant was laid off that day due to the COVID-19 pandemic. These facts place claimant's case squarely within the plain language of this section.

{¶ 38} Pursuant to the second section of R.C. 4123.56(F), if an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive wage-loss compensation. As this second section applies here, the commission found that claimant was not working and had suffered a wage loss as a direct result of reasons unrelated to the allowed injury. The magistrate finds no error with the commission's conclusion. Claimant was not working at the time of his requested period of TTD compensation because he had resigned from his original employer and Genoa subsequently laid him off due to the COVID-19 pandemic. Claimant's circumstances fall within the purview of the second sentence in R.C. 4123.56(F), and the evidence in the record supports the commission's decision. For these reasons, the magistrate finds the commission properly construed and applied amended R.C. 4123.56(F).

{¶ 39} Accordingly, it is the magistrate's recommendation that this court should deny claimant's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.